This is a divorce case.
The wife claims that the trial judge erred in the division of the property of parties, that support for their seventeen-year-old daughter of $40 per week to be paid by the husband is inadequate, that the wife should have been awarded alimony, and that the judgment failed to dispose of an extra lot which adjoins the home of the parties.
No different, unique or novel law would be expanded if we burdened this decision by a detailed account of the property accumulated by the parties and the division thereof as directed by the circuit court. However, we assure the appellant and her learned counsel that we have diligently studied the entire trial record and the briefs and do not find any error in that regard.
The husband is employed at Goodyear and his take home pay, including credit union deductions, approximates $1,250 per month. On the other hand, the wife has been employed as a dental assistant-dental hygienist for ten or more years with her 1979 monthly net income having averaged slightly over $1,000. Evidence was offered as to certain living expenses and debts of the parties, and the needs of their child were itemized. The parties are in their mid-forties and enjoy excellent health.
The division of property, alimony for either spouse and the amount of child support, in cases which are heard ore tenus by the trial judge, each fall within his sound judicial discretion. On appeal, the circuit court's judgment on such issues can only be disturbed if it was so unsupported by the evidence as to be clearly unjust and palpably wrong. Edison v.Edison, 384 So.2d 1118 (Ala.Civ.App. 1980); Lindsey v. Lindsey,380 So.2d 880 (Ala.Civ.App. 1980); Miller v. Miller,361 So.2d 577 (Ala.Civ.App. 1978). We find no abuse of discretion as to either of those issues.
The parties jointly own a lot which is adjacent to the home of the parties. The judgment did not mention such lot. Therefore, each party presently retains the same right, title, claim or interest therein which they were granted by the conveyance to them. When the trial judge did not alter ownership, that, in and of itself, disposed of the issue. In a divorce action, there is no requirement that the joint ownership of property by the parties be abolished and that title be vested in only one spouse. In such cases, an equitable and open division of jointly-owned property might well be no division thereof with the title to that particular property being left undisturbed by the judgment. *Page 654 
We affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code of Alabama (1975). His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.