WRIGHT, Presiding Judge.
The parties were divorced in 1976. By agreement, the divorce decree awarded custody of the two minor children to the husband. No provision regarding child support was made. The wife was allowed reasonable rights of visitation.
In 1979 the wife filed a petition to modify, seeking custody of the parties’ children. The husband filed an answer and a cross-petition seeking child support and attorney fees from the wife and specific rather than reasonable visitation rights.
After hearing ore tenus, the trial court denied the wife custody but set specific visitation rights. The husband’s petition seeking child support and attorney’s fees from the wife was ' denied. He appeals.
The first issue is whether the trial court erred in failing to award child support to appellant-husband.
Husband argues in his brief that Alabama’s rule placing the primary responsibility for support of minor children on the father is unconstitutional as violative of the equal protection clause of the fourteenth amendment to the U.S. Constitution. It appears that appellant has presented this argument initially on appeal. We have examined the record carefully and found no evidence that such argument was put forth at trial. This court will not entertain for the first time on appeal an issue never raised in the proceedings below. Weeks v. Weeks, 373 So.2d 848 (Ala.Civ.App. 1979). However, we review the issue of child support in view of the facts as revealed by the record.
The award of child support is a matter within the sound discretion of the trial court and will not be reversed on appeal except for palpable abuse. 8 Ala.Dig., Divorce, Key Nos. 296 and 312.6(4). The facts which led to the exercise of the court’s discretion in the present case reveal the following:
The husband earns about $29,800 annually, with about $1,462 take-home pay per month. The wife earns $12,069 per year or about $655 take-home pay per month. The wife keeps the children at least two weekends every month, one month during the summer and on alternate holidays and birthdays. She takes the children on trips occasionally and provides for their support and care while in her keeping. Although the husband introduced evidence that his total expenses including child care exceeded his net income, he also testified that he could support the children without his wife’s help.
*699 Where the trial judge hears the evidence ore tenus, we will not disturb his decision as to child support unless that decision is so unsupported by the evidence as to be unjust and palpably wrong. Edison v. Edison, 384 So.2d 1118 (Ala.Civ.App.1980). The decision of the court denying the husband’s request for child support is sufficiently supported by the evidence to withstand the charge of abuse of discretion. There was no error in that decision.
The appellant also contends the trial court erred in failing to award attorney’s fees and costs to appellant. We disagree.
It is undisputed that a trial court may award attorney’s fees to a party in a case such as this if it deems such award proper. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979). But the allowance of such fees rests in the sound judicial discretion of the trial court, which must consider such factors as labor and skill involved, results of the litigation and the earning capacities of the parties. Jernigan v. Jernigan, 344 So.2d 778 (Ala.Civ.App.1977). Here both parties sought an award of attorney’s fees at trial. The court awarded the requested fees to neither. We do not find that decision erroneous. Young v. Young, supra.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.