The wife appeals from the provisions of a divorce decree modification requiring her to pay $125 per month for child support and denying her request for an attorney's fee.
The parties were divorced in March 1979. The husband was awarded custody of the minor girl child, but his request for child support was denied. The decree provided for visitation rights for the wife with the cost of transportation to be paid by the husband. On appeal to this court, the original decree was affirmed. Jenkins v. Jenkins, 376 So.2d 1099
(Ala.Civ.App.), cert. denied, 376 So.2d 1101 (Ala. 1979).
On May 28, 1981, the wife filed a petition to modify the original decree. She requested: (1) an increase in summer visitation from thirty to sixty days; (2) a requirement that the husband post a bond to prevent his removing the child from Alabama; and (3) an award of an attorney's fee. The husband filed a cross petition to modify those provisions of the original decree which: (1) required the husband to bear the costs of transportation for the child's visitation with the wife; and (2) restricted the husband's right to remove the child from the state of Alabama. In an amendment to the cross petition, the husband requested child support from the wife. The wife's motion to strike portions of the husband's cross petition was denied. In a memorandum opinion, the trial court granted the wife's request for extended visitation and modified the decree to require the husband to obtain prior approval of the court before removing the child from the state. The wife's request for an attorney's fee was denied. The husband was awarded $125 per month for child support.
The first issue raised by the wife on appeal is whether the trial court had jurisdiction to order child support payments under a cross petition for modification when the divorce decree granted custody to the husband but made no provision for child support.
The wife contends that absent a prior provision for child support, the husband's request for support payments could not be granted upon a cross petition to modify the original decree as there was nothing to modify in terms of child support. She relies on this court's decision in Armstrong v. Sparks,360 So.2d 1012 (Ala.Civ.App. 1978), which held:
 However, the doctrine of changed circumstances is relevant in child support cases only where the complaining party seeks a modification of an earlier award of support or requests that a decree incorporating a prior agreement dispensing with the obligation to provide support (or establishing the amount of support payable) be altered.
In Armstrong, the wife's petition for modification requesting child support was dismissed in the lower court for failure to show a material change in circumstances. On appeal this court reversed and remanded, holding that absent a prior provision for child support, a material change in circumstances was not relevant. The issue of support had never been previously considered by the court, nor was there any adoption by the court of an agreement between the parties concerning support payments.
In this case, however, the issue of child support was adjudicated in the original divorce proceedings. In denying the husband's request for child support (by not awarding the same to him) the court, in effect ruled that on the existing facts child support would be zero. *Page 139 
As we noted in Armstrong, supra, 71 A.L.R.2d 1370, § 14 states in pertinent part:
 Where a divorce decree provides for the custody or support of a minor child of the parties, it is generally held that the original order is res judicata on the existing state of facts, so that there must be a substantial change of circumstances before the court will amend the order for custody or support. . . .
 If, however, the original decree makes no provision for the custody or support of a child of the marriage and the court did not adjudicate rights concerning the child, the doctrine of res judicata does not apply. . . . (Emphasis supplied.)
The denial of the husband's request in the original proceeding was an adjudication of the issue of child support. Therefore, the issue was properly raised below in the husband's cross petition for modification and the trial court had jurisdiction over the matter.
The second issue raised by the wife on appeal is whether the trial court erred to reversal in denouncing the "primary duty" doctrine and ordering the wife to assist in the support of her child.
Initially, we note that a modification of a prior decree as to child support will be made only upon proof of changed circumstances, and the burden of proof rests on the one seeking the modification. Wise v. Wise, 396 So.2d 111 (Ala.Civ.App. 1981).
The record before us reveals the following pertinent facts:
Both parties have realized an increase in income since the time of the divorce. The husband's has increased from a net income for the year 1979 of approximately $9,000 to a net monthly income of $1,093. The wife's present net monthly income is $952, representing an increase of approximately $70 per week over her salary at the time of the divorce. The husband testified that the expenses of raising and caring for his daughter have greatly increased since the time of the divorce. As she has matured, his daughter's activities have increased to include skating and piano lessons. After-school care is now more expensive. The costs of her clothing have increased. She now requires braces on her teeth. Furthermore, the general effects of inflation have caused an increase in all of the expenses which the husband incurs in caring for his child.[1]
We hold that the evidence supported a finding of changed circumstances sufficient to warrant a modification.
The standard for setting child support is the needs of the child as compared with the ability of the parent to respond to that need. Ex parte Boley, 392 So.2d 840 (Ala. 1981). In the instant case the evidence shows that the wife has funds from which to pay support for her child.[2]
In considering the needs of the child, the husband testified that he is presently "capable" of providing for his daughter's basic needs. He stated, however, and the record so shows, that the child would be directly benefited by contributing support from her mother. The wife contends that the primary legal and moral duty to support minor children rests on the father and absent proof that the father is incapable of providing that support, a mother cannot be compelled to contribute. Womble v.Womble, 56 Ala. App. 318, 321 So.2d 660, cert. denied, 295 Ala. 429, 321 So.2d 664 (1975). The trial court, in a memorandum opinion, confronted the issue directly and stated that the "primary duty" doctrine is not an immutable rule of the common law and blind adherence to such a doctrine is violative of the State and Federal Constitutions.
We will not address the broad issue whether the primary duty doctrine is unconstitutional. Our supreme court has repeatedly *Page 140 
upheld the doctrine, Brock v. Brock, 281 Ala. 525,205 So.2d 903 (1967); Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854
(1966), and it is not the prerogative of this court to overturn authority of our supreme court. Furthermore, the absence of briefing from the father on appeal makes us reluctant to consider an issue of such importance in this case.
Our decisions, however, which have held that the mother can be compelled to contribute to the support of her child have been cited with approval by the supreme court. Board ofTrustees of the Policemen's and Firemen's Retirement Fund v.Cardwell, 400 So.2d 402 (Ala. 1981) (citing Collier v. Collier,57 Ala. App. 208, 326 So.2d 769 (1976)). We do not hesitate, therefore, in holding that where the father has custody as in the instant case, a showing of a lack of total supportive ability, is not necessary in order to compel the mother to contribute to her child's support.
The issue of child support should not be viewed as a contest between the parents. The concern of the court must be the best interests of the child whose welfare is at stake. If strict interpretation of our statements in previous cases might lead to a denial of contribution of needed child support by a non-custodial mother financially able, we refute such interpretation. Such strict adherence does not serve the best interests of the child.
In view of the ore tenus rule, an order modifying the child support provisions of a divorce decree will not be reversed on appeal unless it is such an abuse of discretion as to be plainly and palpably wrong. Shirley v. Shirley, 397 So.2d 156
(Ala.Civ.App. 1981). We find no abuse of discretion in the award of support payments to the husband.
The wife contends that the trial court erred in refusing to award her an attorney's fee. The allowance of attorney's fees rests in the sound discretion of the trial court. Johnson v.Johnson, 396 So.2d 697 (Ala.Civ.App.), cert. denied,396 So.2d 699 (Ala. 1981). We find no abuse of discretion in the trial court's denial of an attorney's fee.
The wife's request for an attorney's fee on this appeal is likewise denied.
The case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] See, Inman v. Inman, 370 So.2d 1037 (Ala.Civ.App. 1979).
[2] In Tubb v. Middlebrooks, 379 So.2d 1272 (Ala.Civ.App. 1979),cert. denied, 379 So.2d 1274 (Ala. 1980), this court reversed an award of child support from the wife "not because of the absence of a legal duty upon the mother to contribute to the support of her children, but because of the absence of evidence as to either income or estate from which to pay."