This is a divorce case.
The parties were married on June 16, 1977. One child, a daughter, was born of the marriage. The parties separated in October of 1981, and a petition for divorce was thereafter filed by the husband.
At the time the parties were married, the wife possessed an automobile which was later sold for $1,500, and had approximately $2,000 in savings, which she brought into the marriage. The husband owned a forty-six acre tract of land in Shelby County, valued at $32,000, but which was heavily encumbered. The husband apparently had no equity in this property. In addition, the husband was a partner in an asphalt paving business known as Butts Billingsley, which was worth about $5,000 at that time.
During the course of the marriage the husband's business began to prosper. The business was later incorporated, and the husband became a stockholder along with two other individuals. The wife worked for the corporation as a bookkeeper and received a salary of approximately $100 per week.
Testimony indicated that in the past few years the husband's paving business increased in net worth to approximately $286,000. However, the husband testified that business had begun to decline, and that the corporation had had to borrow $85,000 to finish out the year. Evidence indicated that the corporate assets were primarily composed of paving equipment which had depreciated in value and was not readily resalable. Further, the husband testified that he had certain business-related and personal debts which must be repaid in the future.
The parties had also purchased a home, taken jointly in both names. The purchase price was approximately $42,500. The parties spent nearly $19,000 remodeling the house. The husband estimated that the current fair market value of the home was around $50,000; the wife estimated that the house was worth $60,000.
During the marriage the wife's car was sold for $1,500, and the proceeds were used to buy a one-fifth interest in certain property located in Childersburg, which one-fifth interest is presently valued at $6,000. Title to the one-fifth interest was taken in the husband's name only. Testimony at trial indicated that the property produced no income to speak of. *Page 163 
The husband currently draws approximately $500 per week from the corporation. No testimony was adduced as to his net pay. The wife is currently employed at Economy Gas Service, earning approximately $200 per week. Both parties are apparently healthy and have good earning capacities.
The petition for divorce was filed by the husband on the ground of incompatibility of temperament. The wife filed a counterclaim, also petitioning for divorce and requesting custody of the parties' minor child and a favorable property settlement. The trial court rendered a final decree on January 8, 1982, divorcing the parties and awarding custody of the child to the wife. The husband was allowed certain visitation privileges, and was required to pay $175 per month as child support, with payments to increase in the amount of $25 per month in January of 1983, pending an increase in the husband's take-home pay. The husband was also required to provide hospitalization insurance for the child, and to maintain his life insurance policy with the child designated as beneficiary. With regard to the property settlement, the wife was awarded the sum of $1,000, or one-half of her savings account which she possessed prior to marriage, and which the court found had been used for the parties' joint benefit; $1,500 as the purchase price of her car; one-half of the proceeds from the sale of the parties' home, after expenses; a Cadillac automobile valued at $7,000; and various other personal property items. The court found that the wife had no further interest in the Childersburg property or in the husband's asphalt paving business, since she had been adequately compensated by the award under the divorce decree and by previous salary for her contributions. The wife was allowed to remain in the house pending sale, with the husband paying the costs prior to the sale.
The husband was awarded his interests in the paving business and in the Childersburg property, and one-half of the proceeds from the sale of the parties' home.
The wife appeals from the final decree, contending that (1) the amount of child support awarded was insufficient; (2) the property settlement was inequitable; and (3) the court erred in failing to award her alimony.
The division of property and award of alimony in cases heard ore tenus by the trial court are matters within the sound discretion of the trial court. This court will not reverse the trial court's judgment on such issues unless it is so unsupported by the evidence as to be clearly unjust and palpably wrong. Coffelt v. Coffelt, 390 So.2d 652 (Ala.Civ.App. 1980). In exercising that discretion the trial court may consider such factors as the earning ability of the parties, their future prospects, their age, health, the duration of the marriage, their standard of living, value and type of property, and the conduct of the parties. Williams v. Williams,389 So.2d 141 (Ala.Civ.App. 1980). We find no abuse of discretion in the present case, and affirm the trial court's judgment.
The parties in this case were married for only four years. Under the divorce decree the wife received substantially all that she brought into the marriage — one-half of the amount contained in her savings account, which was used for the joint benefit of the parties, and the sale price of her automobile, which was used for the purchase of a one-fifth interest in the Childersburg property. Additionally, she received one-half of the proceeds from the sale of the parties' jointly owned home, and various other items of personal property, including a Cadillac valued at $7,000. The wife appears to be in good health, with a fairly good earning capacity.
The trial court found that the wife had no further interest in the husband's business or in his property, and the evidence adduced at trial supports that conclusion. With regard to the paving business, the wife testified that she received a salary of $100 per week for her bookkeeping work. There is no evidence that she performed any work for which she was not adequately compensated. The trial court could properly *Page 164 
have found that she had no further interest in the business.
With regard to the Childersburg property, it is undisputed that money from the sale of the wife's car was used to purchase a one-fifth interest in said property, which interest is now estimated to be worth about $6,000. Notwithstanding the appreciation in value of this parcel of property, there is sufficient evidence in the record to support the trial court's findings.
The husband, on the other hand, was left with his interest in the corporation, which is his sole means of support, and his one-fifth interest in the Childersburg property, along with some other property which he owned prior to the marriage and to which the wife makes no claim. He also received one-half of the proceeds from the sale of the house. Furthermore, out of the salary he draws from the corporation he is required to pay $175 per month as child support, and to provide hospitalization insurance for the child and keep up his life insurance policy with the child designated as beneficiary. He is also apparently in good health, with good future earning potential.
In view of these facts, we cannot say that it was an abuse of discretion for the trial court to refuse an allowance of alimony or to divide the property as it did. Accordingly, the trial court's judgment in those respects is affirmed.
The wife argues that the amount of child support awarded is insufficient. We cannot agree. An award of child support is also within the discretion of the trial court, and will not be reversed on appeal unless there is plain and palpable abuse of that discretion. Coffelt v. Coffelt, supra. The amount of child support granted depends upon both the needs of the child and the ability of the parent to pay. Hall v. Hall, 391 So.2d 122
(Ala.Civ.App. 1980). We can find little evidence in the record of the alleged needs of the child. The evidence concerning the husband's salary and other obligations has, however, convinced us that an award of $175 per month child support, to be increased to $200 per month in the future, is not an abuse of discretion. We therefore affirm the judgment of the trial court in this regard.
For the foregoing reasons, the judgment below is affirmed.
The wife's request for attorney's fee is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.