HOLMES, Judge.
This is a divorce case.
The wife appeals from an order of the Circuit Court of Tallapoosa County which made provisions for a division of property and awarded child support. No periodic alimony was awarded to the wife. We affirm in part and reverse and remand in part.
Viewing the record with the attendant presumptions, the following facts are pertinently revealed.
The parties were married in January of 1971. Two children were born of the marriage. Following a separation, the parties were divorced in July of 1982. As the able trial judge noted in his order, “prior to and during their marriage the parties have lived well and have amassed a good deal of personal and real property.”
As noted by the trial judge, the marital home, located on land given to the couple by the husband’s father and adjoining the home of the husband’s father, has been appraised at in excess of $120,000 and has outstanding first and second mortgages totaling over $60,000. As noted, “the above-mentioned appraisal should be adjusted downward since a portion of the swimming pool and a portion of the driveway are located on [the husband’s] father’s land.”
*643 The court found that “[i]n spite of the amount of money and the number of things given to them [the husband] testified that their joint income did not support their style of life and that he has several outstanding loans which were procured to maintain their style of living.”
The husband is presently president of Ci-tibanc Group, Inc., president of the computer systems, and chairman of the board of directors of the subsidiary banks. His yearly salary as president of Citibanc Group, Inc., is $59,169.80 gross.
The wife is employed, and has been for several years, as an elementary school teacher and has a gross income in excess of $13,500.
We deem it unnecessary to give a detailed description of the real and personal property of the parties, nor would it serve any useful purpose to detail the considerable debts owed by the parties.
The trial judge, in his order, granted the divorce on grounds of incompatibility and irretrievable breakdown of the marriage, and granted custody of the two children to the wife, subject to visitation rights of the husband. The court ordered the husband to pay $600 per month in child support; granted the husband sole and exclusive right to the use of the marital home; awarded the wife $20,000 as her share of the equity in the home, creating a lien on the property; ordered other real property held jointly sold with any net proceeds divided equally; ordered the husband to pay all the debts of the marriage and to hold the wife harmless from any legal liability connected with the debts; granted all personal property, with the exception of a few specified items, to the wife; and ordered the husband to pay the wife’s legal fees in the amount of $5,000. From this order the wife appeals, and we affirm in part and reverse and remand in part.
Despite the numerous issues raised in the wife’s brief, the dispositive issue on appeal is whether the trial court abused its discretion in the amount of the award of child support, in the division of property, and in not granting periodic alimony.
At the onset we note the well-settled rule that:
“The division of property, alimony for either spouse and the amount of child support, in cases which are heard ore tenus by the trial judge, each fall within his sound judicial discretion. On appeal, the circuit court’s judgment on such issues can only be disturbed if it was so unsupported by the evidence as to be clearly unjust and palpably wrong.”
Coffelt v. Coffelt, 390 So.2d 652, 653 (Ala.Civ.App.1980).
The wife contends the trial judge abused his discretion in the property settlement in awarding the home to the husband. We do not agree. In view of the fact that the home is located next door to the husband’s father, that the driveway and swimming pool are located at least in part on the property of the husband’s father, that the wife was awarded $20,000 as her share of the equity, and that the home would be difficult to sell, and testimony indicated would not bring the assessed value, we cannot say the trial court abused its discretion.
Although we note that the wife’s parents and the wife, from her salary, made significant contributions to the house, so did the husband and his parents. Furthermore, an equal division of property is not required, only that it be equitable. Hudson v. Hudson, 391 So.2d 664 (Ala.Civ.App.1980); 8 Ala. Digest, Divorce, Key No. 286(5). We note the husband was ordered to pay the rather substantial debts of the marriage. In light of that and the fact that the wife also received almost all of the personal property, including silver, china and crystal, of an estimated value of $30,000, plus half of the net proceeds from the sale of jointly held real property, we find there was no abuse of discretion and affirm as to the property settlement.
The wife next contends the trial court erred in not awarding any periodic alimony to her. As mentioned, the matter of periodic alimony is within the sound discretion of the trial court, and will not be *644 reversed except for palpable abuse. E.g., Parker v. Parker, 392 So.2d 229 (Ala.Civ.App.1980); 8 Ala. Digest, Divorce, Key No. 235. An award of alimony as an incident to divorce is not mandatory; Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967). In determining whether to award alimony, criteria to be considered include earning ability, future prospects, age, sex, and health among others. E.g., Jernigan v. Jernigan, 344 So.2d 778 (Ala.Civ.App.1977).
In view of the fact that the wife is young, employed, educated and apparently has good future prospects, and has received an adequate property settlement, we cannot say that the trial court erred in not awarding periodic alimony at the time of the trial. However, we note that her circumstances could substantially change for any number of reasons, especially since she has custody of and provides the primary care for two small boys. In view of the possibility of a change in her circumstances and the husband’s income and future prospects of income, we find the trial court erred in not at least reserving the right to award periodic alimony at a future date: Parker v. Parker, supra. As circumstances dictate, this provision of the decree can be appropriately administered by the learned trial judge. We therefore reverse on this ground.
Next the wife contends the trial judge abused his discretion in the amount of child support awarded to the two boys. Again, determination of the amount of child support is a matter within the judicial discretion of the trial court, and will not be reversed unless palpably wrong. E.g., Coffelt v. Coffelt, supra. We cannot say the award of $600 a month constitutes an abuse of discretion. However, in light of the husband’s willingness to maintain life and medical insurance policies for the two boys as evidenced by his statements in court and in brief, we find the trial court erred in not putting such a provision in the final order. In addition, in view of the fact that the husband is diabetic and the possibility of diabetes developing in the boys exists, and in view of the circumstances viewed as a whole, we find the trial court erred in not providing that the husband should pay the entire health and medical costs of the two boys.
We therefore affirm as to the amount of child support, but reverse and remand so the trial court can enter a provision requiring the husband to maintain the life and medical insurance on the boys, plus provide for their health and medical costs.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur.