The father appeals from a divorce decree modification issued by the Jefferson County Circuit Court which requires him to pay $275 a month in child support for his two sons. *Page 67 
The mother and father married in May of 1970, and subsequently were divorced in September, 1978. Two boys, natural brothers, were adopted by the mother and father during their marriage. At the time of the divorce, the boys were five and six years old.
Viewing the record with the attendant presumptions, the following is revealed: The mother, a lawyer, is employed as an administrative law judge for the Office of Social Security Administration. Her annual gross salary at the time of the modification hearing was approximately $51,000. At the time of the instant hearing, the father was in the Alabama Air National Guard in an active training program, apparently earning approximately $1,400 per month. Since the divorce, he has held a variety of jobs including working at a service station for $4.50 to $4.75 per hour; working for ITT Terryphone for $13,000 a year; and working for a Birmingham roofing company for $11,500 a year.
The father has remarried, and he contributes support to his new mother-in-law and for his new wife's grandchild.
The two children, adopted when they were three and four, were ages eight and nine at the time of the modification hearing. Subsequent to the divorce, the children have both been diagnosed as having attention deficit disorders with hyperactivity as well as conduct disorders. Both boys are receiving special care and treatment, and will continue to need special care and treatment. Both children are on medication; both are under the care of a psychiatrist; and both have required hospitalization at least twice.
Prior to the divorce, and prior to any diagnosis of illness in the two boys, the parties agreed the father would not pay child support. This agreement was ratified and made part of the divorce decree.
Because the mother was seriously ill at the time of divorce, the father had temporary custody. When the mother had recovered, she regained permanent custody of the two boys.
In February, 1980, the father filed a petition to modify, praying for permanent custody of the two children and child support from the mother. The mother cross petitioned, seeking child support from the father. After a hearing in April, 1980, the circuit court denied the father's request for custody, and the mother's request for child support.
In October, 1981, the mother filed a second petition to modify in which she alleged that due to a material change of circumstances, the father should pay reasonable child support. Following an ore tenus hearing, the trial court in May, 1982, ordered the father to pay $275 per month in child support. The father's motion to alter, amend or vacate the judgment was denied.
As indicated, the father appeals from the May modification ordering him to pay support and maintenance for his two sons.
The father through able counsel first contends on appeal that the trial court erred in considering the matter as a petition to extend judgment and not as a petition to modify the original decree.
If the petition was one to extend judgment, the mother would not have the burden to prove changed circumstances. Armstrongv. Sparks, 360 So.2d 1012 (Ala.Civ.App. 1978). However, whether the trial court viewed this matter as a petition to extend judgment or one to modify is not clear from the record; nor is it necessary for us to determine that matter. The father contends the higher standard — that of proving the changed circumstances — is the proper standard in this case. The mother's petition, styled as a petition to modify, alleged changed circumstances. Evidence to support this allegation was presented during the hearing. We agree with the father's contention that the doctrine of changed circumstances applies, and we will review this cause accordingly.
The father next contends the trial court erred in employing the sex-based presumption that the father has the primary duty to support his minor children. The father argues in brief that such a sex-based presumption *Page 68 
violates the constitutional guaranty of equal protection of the law, and urges this court to overrule the doctrine.
The primary care doctrine as stated by the Alabama Supreme Court is that: "A father is primarily bound by the laws of the state, and by basic morality, to support his minor children."Brock v. Brock, 281 Ala. 525, 531, 205 So.2d 903, 908 (1968).
The constitutionality of this doctrine is not before this court as an issue in this case. In the first place, there is nothing in the record to indicate the trial court relied on this doctrine in arriving at its decision. Although the mother's attorney raised the primary duty doctrine in the closing argument, the attorney pointed out the "practical impossibility" of the father being the primary source of financial support. The mother's attorney told the court they were not before it with that suggestion.
It is clear from the record that the mother has borne and will continue to bear the "primary" financial burden of the two children. What was sought, and what was granted, was a contribution from the father toward the financial support of his children.
The father appears to argue that since the trial court ordered him to contribute support to his children in light of the greater financial resources of the mother, the trial judge must have relied on the primary duty doctrine. This does not necessarily follow logically. Put another way, the father is saying that because the mother earns substantially more than he does, he should not be required to contribute any support at all to his children. Such an argument simply does not raise the issue of the constitutionality of the primary care doctrine.
As this court made clear in Jenkins v. Jenkins, 418 So.2d 137
(Ala.Civ.App. 1982), either parent may be ordered to contribute support to their minor children, and a showing of a lack of total supportive ability on the part of the custodial parent is not required.
As our Presiding Judge Wright wrote in Jenkins:
 "The issue of child support should not be viewed as a contest between the parents. The concern of the court must be the best interests of the child whose welfare is at stake. If strict interpretation of our statements in previous cases might lead to a denial of contribution of needed child support by a noncustodial [parent] financially able, we refute such interpretation. Such strict adherence does not serve the best interests of the child."
Jenkins v. Jenkins, supra, at 140.
Despite both the procedural and constitutional arguments raised by the father, the dispositive issue on appeal is whether the mother met her burden of proof in establishing a sufficient change in circumstances to warrant the modification. We believe she did, and affirm the trial court's order.
We note that a modification of a prior decree as to child support will be made only upon proof of changed circumstances, and the burden of proof rests on the one seeking the modification. Jenkins v. Jenkins, supra; Wise v. Wise,396 So.2d 111 (Ala.Civ.App. 1981). The standard for setting child support is the need of the child as compared with the ability of the parent to respond to that need. E.g., Ex parte Boley,392 So.2d 840 (Ala. 1981). In view of the ore tenus rule, an order modifying the child support provisions of a divorce decree will not be reversed on appeal unless it is such an abuse of discretion as to be plainly and palpably wrong. E.g.,Shirley v. Shirley, 397 So.2d 156 (Ala.Civ.App. 1981).
We cannot say the trial court abused its discretion in this case because the mother established a substantial change in circumstances. Since the divorce decree, her two children were diagnosed as having serious physical and emotional problems which have required, and will continue to require, expensive special care and treatment. The illness of the children has increased their financial needs in that the costs for medical treatment, day school needs and related after school care have all increased dramatically. Their psychiatrist has recommended a special summer camp program for both *Page 69 
boys which will cost $750 per month for each child. In addition, the doctor testified a specially trained individual was required to stay with the children after school until their mother returned home.
While true that the mother's insurance covers part of the cost, the insurance coverage does not cover all of it. We also note the mother pays the insurance premiums on the boys.
The mother has testified that she cannot meet the increasing costs by herself. She has had to borrow money to pay off part of the boys' medical bills. In addition, she has given up certain personal expenditures to better conserve her finances for the boys' care.
We note that the father filed an affidavit with the trial court after the modification hearing stating he was unemployed. Such is not determinative. The capacity to earn is a factor that may be considered in determining the amount of support to be furnished to a minor child by a parent. Brock v. Brock,supra. Clearly, the father has the capacity to earn a sufficient amount of money to contribute $275 a month for the support of his two children.
We therefore find no abuse of discretion in the trial court's order that the father contribute $275 per month for the support of his two minor sons. The fact that the mother earns more money than he earns does not relieve him of his duty as a parent to contribute to the financial support of his children.
We note there is a motion to strike before this court by the mother to exclude from the record certain allegedly improperly included material. This court has considered only those materials properly before us in the record.
We affirm.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.