This is a divorce case.
The trial court after an ore tenus hearing divorced the parties, awarded custody of the three minor children to the mother, and ordered the husband to pay child support in the amount of $450 per month for each child. In addition, the trial court required the husband to pay $250 per month to the wife for payment on the amount owed on her automobile. The husband now appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in determining *Page 565 
the amount of child support and in ordering the husband to pay the indebtedness on the wife's automobile. We find no error requiring reversal and affirm.
The evidence in the instant case is contained in a three volume record. Much of it concerns financial matters and, to use the words of the husband's able counsel, the evidence in this case is "convoluted, complicated and often beyond one's financial imagination." Be that as it may, a review of the record with the attendant presumptions reveals the following pertinent facts:
The parties were married in 1957. Five children were born of the marriage and at the time of trial three were minors, the youngest eleven and the oldest sixteen years old. The parties separated in 1980 and remained separated until the divorce in 1983 except for one brief attempt at reconciliation.
The parties are well educated; both husband and wife hold doctorate degrees. The wife is employed as the head of the English department at a state junior college in Alabama and has worked there several years. The husband was once employed as president of the same junior college but he resigned sometime before the divorce proceedings, apparently in order to devote more time to various business ventures.
Although both parties were primarily educators, they maintained a very high standard of living, attributable in part to inherited property and the vast generosity of the husband's parents.
The husband contends that the trial court abused its discretion in the amount of child support awarded and in ordering him to make the wife's car payments because the husband had suffered severe financial setbacks prior to the divorce proceedings. Prior to 1980, the husband bought two marinas in Baldwin County. Due to financial mismanagement and a hurricane, the husband lost large sums of money and property and incurred tremendous debts. At the time of the hearing, the husband was not regularly employed and owned almost negligible assets. It is the husband's contention that because of his reduced financial condition he is unable to make the child support payments in the amount ordered by the trial court, hence the trial court abused its discretion. We disagree.
An award of child support is within the sound discretion of the trial court and will not be reversed on appeal unless there is plain and palpable abuse of that discretion. Butts v. Butts,418 So.2d 161 (Ala.Civ.App. 1982). Particularly applicable to the present case is the rule of law that ability to earn, as opposed to actual earning, is a proper factor to be considered in the determination of the amount of child support to be awarded. Reach v. Reach, 378 So.2d 1115 (Ala.Civ.App. 1979). The record in the instant case contains sufficient evidence that the trial court's determination of child support is within the husband's "ability to earn."
The husband has had the benefit of his parents' generosity throughout his financial difficulties. The husband's father testified that his son owed him approximately $600,000. The husband has transferred a considerable amount of land to his parents and large sums of money were realized from the sale of timber. The husband's parents have assumed various mortgages and debts on behalf of their son. There is, in fact, every indication that the husband's parents have given their son "access" to large amounts of money on a regular basis in the past and it appears to be a continuing arrangement.
The husband was unemployed at the time of the trial, although he had applied for a job at one business. The husband testified that he did not want a job in education. The husband and his father entered into a partnership in August 1982, with the husband contributing approximately $23,000 to the business, a pig farm.
The husband also testified that he had earned some $45,000 in rent from July 1982 to the time of the trial, February 1983. In the last couple of years the husband has purchased several expensive gifts and personal goods such as a color television, video cassette recorder, video disc player, diamond rings, and a watch. *Page 566 
Taking the husband's ability to earn in consideration, coupled with his parents' continuing financial assistance, this court cannot say that the trial court so abused its discretion as to require reversal. We note that the matter of child support is never res judicata and can be modified if a change in circumstances justifies it. Boswell v. Boswell, 280 Ala. 53,189 So.2d 854 (1966). We note that although the award of child support is quite generous, considering the unusual circumstances in the present case, to wit, the husband's ability to earn, the family's high standard of living, and the generosity of the husband's parents, the award is not an abuse of the trial court's discretion. The trial court must make a determination of support at the time of the trial based upon the particular facts of each case. This court will not substitute its judgment for that of the trial court unless it concludes that the trial court's actions are plainly and palpably wrong. Sutton v. Sutton, 55 Ala. App. 254,314 So.2d 707 (1975).
The husband also contends that the "primary care doctrine" is unconstitutional. This argument was not properly raised at the trial level and, therefore, is not before this court. In any event, there is no indication that the trial court relied on this doctrine in determining support. See Hamilton v. Hamilton,428 So.2d 65 (Ala.Civ.App. 1983). Either parent may be ordered to contribute support to their minor children, and a showing of lack of supportive ability on the part of the custodial parent is not required. Jenkins v. Jenkins, 418 So.2d 137
(Ala.Civ.App. 1982).
Additionally, in view of the husband's ability to earn, the trial court did not err in determining child support and in ordering the husband to pay the wife's automobile payments.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.