A divorce modification case and a contempt proceeding have been consolidated for purposes of this appeal.
This court for clarity will first dispose of the divorce modification aspect of the consolidated appeal.
 I
The parties were divorced in February of 1983. The husband appealed the trial court's divorce decree to this court on May 25, 1983. On May 31, 1983, the husband, while the appeal was pending, filed in the trial court a petition to modify the February divorce decree.
The trial court on July 15, 1983, entered the following order.
 "Upon consideration of the defendant's Petition for Modification filed on to-wit May 31, 1983 which seeks to review the Final Decree of Divorce entered by this Court on February 11, 1983, the Court finds that on May 25, 1983 the former husband, through counsel, filed a timely Notice of Appeal to the Court of Appeals for the State of Alabama seeking review of this Court's Order entered February 11, 1983, it is therefore ORDERED, ADJUDGED AND DECREED that this Court is without jurisdiction to proceed to review its Order of February 11, 1983 since that issue is now before the Appellate Courts of this State."
In October of 1983 this court rendered its opinion on the husband's appeal. Interested parties may refer to Murphy v.Murphy, 440 So.2d 564 (Ala.Civ.App. 1983).
The husband, through able counsel, is now before this court contending the trial court's order of July 15, 1983, is erroneous. The husband's contention is that a trial court may hear a subsequent modification petition even though the original decree of divorce is on appeal.
We need not answer the husband's contention.
Clearly the issue as presented regarding the trial court's July order is now moot. This is so because of this court's action in October of 1983. See Gaines v. Malone, 242 Ala. 595,7 So.2d 263 (1942).
We would, however, comment that in view of the learned and distinguished trial judge's order of July, our action in October, and the decision on this consolidated appeal, it would appear that the modification is now, if appropriate, ready to proceed to a conclusion.
The wife's request for an attorney's fee on this aspect of the consolidated appeal is denied.
 II
The trial court, after an ore tenus hearing, found the husband was in contempt of court for failure to pay required child support payments. The husband was incarcerated in the county jail and is before this court by writ of habeas corpus.
The dispositive issue on appeal is whether the husband's incarceration is inappropriate because of his lack of ability to pay.
This court would note at the outset that, as indicated above, these parties have been before this court on another occasion. We further note that the husband's financial picture is at best difficult to discern. For a better understanding of the background, we again refer interested parties to our prior decree, Murphy v. Murphy, 440 So.2d 564 (Ala.Civ.App. 1983).
The husband in the divorce case was ordered to pay $1,350 per month child support for three minor children.
The evidence at the habeas corpus hearing revealed that the husband is unemployed and has no available present assets. He is making some attempt to seek employment, albeit a minimal effort. All of the husband's basic necessities are provided by his father. *Page 800 
The husband's father specifically testified that he would not provide funds for any purpose other than for the husband's basic necessities, that is food and shelter. The husband's father specifically, and one might say emphatically, testified that he would not give the husband any money to meet his (the husband's) child support obligations. The husband's father would not provide the funds for the husband to purge himself of contempt.
There was further evidence, largely uncontroverted, that the husband has not had any funds from any source, other than his father's generosity, available to him since the divorce decree nor does he have any other available assets. In fact, the husband has petitioned for bankruptcy. And although it has little, if any, bearing on this case, the husband is presently remarried and he has become indebted for his stepson's school tuition and other costs.
There was evidence that the husband assigned rental income from certain property to his parents; there was no evidence that any money was available from this property. In any event, there is no evidence that the husband had access to any income.
As indicated, the trial court found the husband to be in arrears in his child support payments. This arrearage was correctly determined to be $6,750. The husband was ordered to be incarcerated in the county jail until the arrearage was paid.
The law is settled that imprisonment for contempt should not be imposed where the failure to pay is due to an inability to comply with the order. Muery v. Muery, 46 Ala. App. 617,247 So.2d 123, cert. denied, 287 Ala. 737, 247 So.2d 128 (1971). In the present case, the evidence is that the husband is unable to pay the arrearage. He has no job, no apparent assets, and no other apparent source available for payment of the child support amount. As mentioned above, the husband is at the present time in bankruptcy.
Once the accused puts forth evidence that he is unable to pay, then it becomes the duty of the complainant to show beyond a reasonable doubt that the accused is able to pay. Sewell v.Butler, 375 So.2d 800 (Ala.Civ.App. 1979). In the present case there is, unfortunately, a lack of evidence to show that the husband is able to purge himself of the contempt citation. Although the husband has enjoyed in the past, and apparently continues to enjoy, considerable financial assistance from his father, the fact remains that the husband's father apparently will not extend his assistance into this area. It seems from one view of the record that the only way the husband can purge himself of contempt is for his parents to voluntarily pay the necessary amounts, and this they have unequivocally refused to do. This court is not aware of any authority that would hold the husband's father responsible under a contempt proceeding for the husband's child support obligations. Therefore, unfortunately, we have no alternative but to hold that the writ of habeas corpus is due to be granted.
We would be remiss in not commenting that we can appreciate the problems confronted by the learned and distinguished trial judge in the resolution of this matter. One might say we can even appreciate the frustration possibly experienced by the trial judge.
However, the fact remains that one cannot be imprisoned where the failure to pay is due to an inability to comply. Sewell v.Butler, 375 So.2d 800 (Ala.Civ.App. 1979). As indicated, the evidence is that the husband does not have the financial ability to comply and there is a lack of evidence to the contrary.
We would further comment that at the habeas corpus hearing the trial court again determined that the husband's modification petition was not in a proper position for resolution. The husband did not "appeal" nor present to this court that determination.
In view of the above, Civ. 3952 is due to be dismissed and Civ. 4029 is reversed and remanded to the trial court with directions to discharge the husband from custody. *Page 801 
The wife requests an attorney's fee on appeal. That request is hereby denied.
Civ. 3952 — APPEAL DISMISSED.
Civ. 4029 — WRIT GRANTED.
All the Judges concur.