BRADLEY, Judge.
This is a child support modification case.
Darleen Elizabeth Pugh and James Arlin Pugh were divorced in the Circuit Court of Houston County on March 24, 1976. The decree provided that the two minor children (Dee Dee and Brandi) would be in the joint custody of the husband and wife and that the husband would pay to the wife $300 per month for the support of the minor children. On June 6, 1980 the wife filed a petition for an increase in child support.
On September 19, 1980 the court heard testimony and on October 17, 1980 entered an order of modification reducing the amount of child support from $300 to $150 during the summer months when the husband had custody, and made an addition to the support during the winter months of $40 per month for school lunches.
The wife remarried on August 22, 1982. The husband is unmarried and lives in an apartment in Dothan, Alabama.
The husband had the minor children for visitation purposes four or five days per month for about three years after the divorce. Beginning in 1979 the husband has had the children in his custody by agreement with the wife on an average of half the year. The husband continues to pay the child support ordered by the court in its original decree and in the October 17, 1980 order of modification. In addition, the husband supports the children while they are with him for one-half of each year. Also, the husband maintains a complete, separate set of clothes for the minor children at his home.
The wife filed a second motion for modification which was heard on October 3, 1983. Wife supplied testimony that the cost of living has increased seventy percent since the original decree was granted in 1976. Moreover, the record reflects that husband’s income has substantially increased. Both the husband and wife testified as to their monthly costs from expense records. There was testimony concerning custody and visitation with the minor children, but that part of the order of modification was not made part of this appeal by the wife and will not be considered.
On October 4, 1983 the trial court entered an order providing for no increase in child support to the wife. The wife appeals from this order.
Wife contends that the trial court abused its discretion in denying her an increase in child support. We disagree. It is settled law that a modification or non-modification of child support is a matter for the exercise of judicial discretion and the judgment of the trier of fact will not be reversed on appeal unless there is a plain and palpable abuse of that discretion. Butts v. Butts, 418 So.2d 161 (Ala.Civ.App.1982). Moreover, the modification or non-modification of child support rendered after an oral hearing of testimony will be reversed only if the trial court’s decision is so unsupported by the evidence as to be unjust. Johnson v. Johnson, 396 So.2d 697 (Ala.Civ.App.1980).
The record shows that the husband, with the permission of the wife, increased his period of joint custody of the two minor children from very short periods each year to an average of one hundred seventy-nine days each year since 1979. Further, husband receives no support from wife for the one-half year he has custody of the children, yet he continues to pay support to the wife for the minor children for twelve .months each year.
Moreover, even though the husband has had an increase in his salary since the date of the judgment of divorce, the record reveals that his legitimate expenses have also increased, including the support of his minor children. The evidence reflects that the husband has shown a real concern for his children’s best interests and has gone so far as to make them primary beneficiaries of his estate upon his death.
The order of modification was entered by the court after it heard the evidence ore tenus. The rule in Alabama is that a presumption of correctness accompanies a judgment of a trial court where it hears the evidence ore tenus. Alford v. *177 Alford, 368 So.2d 295 (Ala.Civ.App.1979). The record shows no abuse of discretion and is replete with evidence to support the trial court’s judgment. Based upon the presumptions stated in Alford, supra, we find no error in the trial court’s refusal to increase child support payments to the wife.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.