BRADLEY, Judge.
This is a child support modification case.
The parties to this proceeding were divorced in 1974. Custody of the only child of this marriage was placed with the mother. The father was required to pay child support. In August 1978 child support was increased by the trial court to $35 per week.
In May 1984 the father petitioned the court to reduce child support payments, asserting that he had lost his regular job and that his present employment was irregular.
After a trial the court reduced the father’s child support obligation to $110 per month. The trial court also fixed the child support arrearage at $1,005.
From that aspect of the judgment reducing child support from about $150 per month to $110 per month, the mother appeals.
The mother contends here that the trial court erred in reducing child support. She says that the evidence does not support such a finding.
The evidence shows that the father made all of the child support payments up until July 1983. At this time the father began having difficulty making the support payments.
The father testified that he had always worked in the family business but that it was closed in July 1983. He was then unemployed.
After a short period of unemployment, the father started working as a professional musician. He had been an amateur musician for many years.
The father testified that his present gross earnings average about $100 per week. Prior to July 1983 his gross earnings were about $240 per week. He further testified that he bought a house in January 1983 on which there is an outstanding mortgage of $24,560. The payments on this mortgage are $275 per month. He also owns a four acre parcel of unimproved commercial property, which he inherited from his father. A witness for the wife valued the property at $17,500.
The evidence further shows that the father’s overall expenses, including the mortgage payment, are about $850 per month. The father said that he has managed to pay most of his living expenses by his income from musical engagements, by working at odd jobs, and by selling items of personal property. He also said that he was unable to make the child support payments because he did not have enough money left over after paying his living expenses. In addition, according to the father, there were other debts outstanding that he was unable to pay.
The mother, who has remarried and has two children by her second husband, testified that she needed $60 a week for the support of the parties’ thirteen year old daughter. This amount included $29 a month for a private telephone for the child.
Modification of a child support award will be made only on proof of changed circumstances, and the modification rests in the sound discretion of the trial court. Simpkins v. Simpkins, 435 So.2d 753 (Ala.Civ.App.1983). In the case sub judice the trial court could consider only proof of changed circumstances which had occurred since the 1978 modification decree. McInnish v. McInnish, 441 So.2d 960 (Ala.Civ.App.1983).
Factors to be considered by the trial court in determining whether there are changed circumstances are the needs of the child and the ability of the father to respond to the child’s needs. Percer v. Percer, 370 So.2d 308 (Ala.Civ.App.), writ denied, 370 So.2d 311 (Ala.1979).
*1080 The trial court could have reasonably concluded from the evidence that the needs of the child did not require $60 per week from the father. The trial court also could have reasonably concluded that the father’s income had been so drastically reduced that he was unable to maintain the payments required by the 1978 modification decree.
After a careful examination of the evidence, we cannot say that the trial court abused its discretion in reducing the child support payments. Consequently, we affirm the trial court’s judgment.
The mother’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.