HOLMES, Judge.
This is a child support modification case.
The trial court, after an ore terms hearing, modified the child support obligations of the father from $300 to $500 a month.
The father appeals and we affirm.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed: The parties were divorced in 1973 with the custody of the couple’s three children awarded to the mother and the father ordered to pay $375 per month.
The father’s child support obligation was modified in 1975 to $300 and subsequently lowered to $200 when the couple’s oldest child reached majority.
The mother filed a petition for modification of child support in 1984, alleging “a material change in circumstances” since the last decree. The trial court agreed and increased the father’s child support obligation to $500 per month for the couple’s sole minor child.
The father, on appeal, contends that the evidence was insufficient to show the necessary material change in circumstances and that the trial court abused its discretion in the amount it increased the child support. We disagree.
It is hornbook domestic law that the primary consideration in every child support modification proceeding is the welfare of the child and that the party seeking to modify support provisions of a prior decree has the burden of proving changed circumstances affecting the welfare of the child. See Fricks v. Fricks, 428 So.2d 80 (Ala.Civ.App.1983). The trial court must also consider the ability of the parent to satisfy the needs of the child. Ebert v. Ebert, 440 So.2d 1084 (Ala.Civ.App.1983).
The modification or nonmodification of child support is a matter for the exercise of judicial discretion, and the judgment of the trial court will not be reversed on appeal unless there is plain and palpable abuse of that discretion. See Pugh v. Pugh, 460 So.2d 174 (Ala.Civ.App.1984).
The evidence in the case at bar showed that the mother had monthly expenses that exceeded her monthly income. The mother had been forced to work at more than one job to provide for her children’s needs.
Additionally, it was shown that the mother had numerous medical and dental bills and that she did not have funds available to eliminate these debts.
Finally, it was shown that the father had experienced a dramatic increase in his per *1093 sonal income from $26,000 per year in 1975 to $52,000 in 1983. This increase in income was expected to continue in the future, with earnings approximating $56,000 in 1984. The father has acquired a home in Tampa, Florida, paying $195,000, further evidencing his financial soundness.
In ljght of the above, we find that there was sufficient evidence to support the trial court’s finding of changed circumstances. It is evident that the mother could not support- the child with the current support being paid. The father has it within his ability to satisfy the needs of his child, and the trial court did not commit error in ordering him to increase his support.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.