This is a divorce modification case.
The parties were married in 1957 and divorced in February 1983. As part of its divorce decree, the trial court ordered the husband to pay $450 per month for each child of the marriage as child support. As they had three children, this amounted to $1,350 per month. The husband subsequently appealed from the trial court's decree. In May 1983, while the appeal was pending, the husband filed a petition to modify the divorce decree. In July 1983, the trial court entered an order in which it declined to consider the petition to modify, asserting that it was without jurisdiction to proceed with the modification proceeding while an appeal was pending in this court. In October 1983, this court rendered its opinion in the original appeal affirming the trial court's judgment. See Murphy v.Murphy, 440 So.2d 564 (Ala.Civ.App. 1983). Subsequently, this court was asked to consider both an appeal by the husband from the trial court's July 1983 order and a writ of habeas corpus proceeding which was brought after the husband was found to be in contempt and incarcerated for his failure to pay the required child support. These proceedings were consolidated for the purpose of review, and in March 1984 this court rendered an opinion in which it found the issue regarding the trial court's July 1983 order to be moot. See Murphy v. Murphy, 447 So.2d 798
(Ala.Civ.App. 1984). The writ of habeas corpus, however, was granted. Id.
In August 1983, before any hearing on the husband's May 1983 petition for modification was had, the wife filed a motion in the trial court asking it to enter an order requiring the husband to show cause for his failure to make the payments required by the divorce decree. Subsequently, the husband's petition for modification was amended to include a second count asserting that a further material change of circumstances had occurred in that he had been indicted for various felony violations of federal law and had pled "no contest" to one count. He was to be sentenced on December 21, 1984. No recommendation for probation had theretofore been made in the case. The original petition for modification had alleged, basically, that a change of circumstances had occurred in that he had major financial losses which had resulted in his filing for bankruptcy. Further, his parents, who had until that time been providing for his food and shelter, had made clear that they would provide no more financial assistance to be used to pay the husband's child support obligations. For a better understanding of the background of this case, interested parties may refer to the prior opinions rendered in this case and discussed supra.
In April 1985, after an ore tenus hearing, the court issued an order modifying the child support provision of the divorce *Page 980 
decree and suspended this obligation as of December 20, 1985. The court, however, found the husband to be in arrears in meeting his child support obligation as of December 20, 1985, in the amount of $26,500. The court granted the wife an equitable judgment in that amount. The husband's motion to alter, amend or vacate this judgment was denied and he appeals.
First, we note the well-established rule that where the trial judge has heard the evidence ore tenus the judgment is presumed correct on appeal. E.g., Jeffcoat v. Jeffcoat, 423 So.2d 888
(Ala.Civ.App. 1982); 2A Ala. Digest, Appeal Error, Key No. 931 (1). Further, the modification of an award of child support made in a prior divorce decree may be made only upon a showing of changed circumstances of one or both parties. Such a modification will not be reversed on appeal absent a clear abuse of discretion. Sansom v. Sansom, 409 So.2d 430
(Ala.Civ.App. 1981); Taylor v. Taylor, 369 So.2d 1240
(Ala.Civ.App. 1979). Additionally, the burden of proving a material change in circumstances is placed upon the petitioner.Jeffcoat, supra.
The husband first argues that the court has abused its discretion because it did not grant the modification effective as of May 31, 1983, the day the petition to modify was filed.
There is no error merely because the trial court did not decree the modification to be effective from the time of filing the petition. Clutts v. Clutts, 54 Ala. App. 43, 304 So.2d 599
(1974). The court may exercise its discretion in decreeing the effective date of modification and is not bound to modify as of the date of filing. Id.
The trial court's order, in effect, denied the first count of the husband's petition to modify, but granted it as to the second count or amended petition. The husband argues that this judgment constitutes an abuse of discretion and is palpably wrong, because he was unemployed and without assets with which to meet his support obligation as of May 31, 1983. Further, he asserts that the modification was mandated because he introduced evidence indicating that he had filed a Chapter 7 petition for bankruptcy.
While a party's lack of actual earnings or his having filed for bankruptcy are factors to consider in determining whether to modify a child support award, the existence of either or both of these does not ipso facto mandate a modification. SeeMurphy, 440 So.2d 564; Menton v. Menton, 405 So.2d 940
(Ala.Civ.App. 1981). See also Jeffcoat v. Jeffcoat, supra. The court must make a determination upon the particular facts of each case. Green v. Green, 380 So.2d 884 (Ala.Civ.App. 1980). This court will not substitute its judgment for that of the trial court unless the trial court's is plainly and palpably wrong. Taylor v. Taylor, 408 So.2d 117 (Ala.Civ.App. 1981);Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975).
Given the unusual circumstances of this case, we cannot conclude that the trial court has abused its discretion in denying the husband a modification effective May 31, 1983. Although the husband is unemployed, the court found that he still had the ability to earn some compensation until the time he was to be incarcerated. Ability to earn is a proper factor to consider in determining whether to modify a child support award. Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App. 1985); Reachv. Reach, 378 So.2d 1115 (Ala.Civ.App. 1979). The record contains sufficient evidence to support the trial court's determination.
The husband is a highly educated individual with what seems to be a great deal of work experience in the field of education. Given this background and what appears to have been a rather minimal effort by the husband in seeking employment, the court could have justifiably concluded that the husband's continued unemployment was more the product of choice than necessity. This conclusion is further supported by what appears to be a continued willingness by the husband's parents to provide him financial assistance with which to meet all *Page 981 
of his basic necessities. The husband has had no real incentive to work. Apparently, the only financial obligation which he has not been able to transfer to either his parents or a federal bankruptcy trustee is his child support payments. We cannot aid him in that respect.
The opinion of the trial judge is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.