HOLMES, Judge.
This is a child support case.
After an ore tenus hearing, the trial court ordered the mother to pay ten dollars per week child support to the Department of Pensions and Security (DPS). The mother appeals and we affirm.
The sole issue upon appeal is whether the trial court abused its discretion in ordering the mother to pay ten dollars per week child support.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed:
The child in the case at bar is a thirteen-year-old female, who, as a result of delinquent behavior,, was placed at St. Mary’s Shelter. She was subsequently transferred to DPS care. The child’s mother entered into a voluntary foster care agreement with DPS due to the child’s behavior. DPS later obtained temporary custody of the child.
Following DPS’s gaming temporary custody of the child, the child’s guardian ad litem petitioned the court for child support. The petition was granted, and the mother *972 was ordered to pay ten dollars per week child support to DPS. The payment to DPS is apparently made pursuant to § 12-15-9, Ala.Code (1975).
As indicated, the mother’s only contention is that the trial court erred in awarding child support, given her inability to pay. We, thus, limit our consideration to the issue raised.
We note that the award of child support rests within the discretion of the trial court and will not be reversed on appeal in the absence of a plain and palpable abuse of discretion. Langford v. Langford, 441 So.2d 962 (Ala.Civ.App.1983); Butts v. Butts, 418 So.2d 161 (Ala.Civ.App.1982).
As noted earlier, the mother contends that the trial court abused its discretion in ordering her to pay ten dollars per week child support. She contends that she is without financial resources to pay said support. We disagree.
As this court has noted many times prior to this case, it is the ability to earn, as opposed to actual earnings, which is the proper factor to consider in determining the amount of child support to award. See Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App.1985).
In the case at bar, we note that there was substantial evidence to support a finding that the mother had considerable ability to earn. She is currently in her fourth year of medical school and has both a bachelor of science and a master’s degree in education. She was previously employed as a school teacher prior to her enrollment in medical school. In light of this evidence, we find that the trial court did not abuse its discretion in awarding ten dollars per week child support.
Therefore, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.