HOLMES, Judge.
This is a child support modification case.
The mother and father were divorced in 1983. The mother was awarded custody of the minor child. Incorporated in the divorce decree was a settlement agreement reached by the parties, which set out a complex child support schedule to be paid by the father.
In 1985, the father filed a petition to modify the original child support schedule, alleging a material change of circumstances. After an ore terms hearing, the trial court denied the father’s petition for modification.
The father, through able and distinguished counsel, appeals and we affirm.
The father’s only issue on appeal is that the “primary duty doctrine” is unconstitutional and should be abolished.
The “primary duty doctrine” as upheld by our supreme court states that a father has a primary legal and moral duty to support his minor child when he has the financial ability to provide such support. Brock v. Brock, 281 Ala. 525, 205 So.2d 903 (1967).
At the outset we note that it is not this court’s prerogative to overturn authority of our supreme court. Jenkins v. Jenkins, 418 So.2d 137 (Ala.Civ.App.1982). See also Ala. Code (1975), § 12-3-16 (1986 Repl. Vol). We would comment, however, that this court has held that a mother can also be compelled to support her minor child, even without a showing that the father lacks the ability to do so. Murphy v. Murphy, 440 So.2d 564 (Ala.Civ.App.1983).
Furthermore, it appears that the father’s argument in this instance is not timely. The only indication of the raising of the constitutionality of the “doctrine” was a mention of it by the father in an affidavit in opposition to the mother’s summary judgment motion. This motion was denied. It is well settled that this court in general will not entertain for the first time on appeal an issue not properly raised in the trial court below. Ex parte Johnson, 396 So.2d 699 (Ala.1981).
Additionally, we would note that there is no indication that the trial court relied on the “primary duty doctrine” in its decision not to modify the prior obligation of child support. Murphy, 440 So.2d 564. Put another way, the trial court could have simply concluded that there was not a material change of circumstances warranting a modification. Matthews v. Matthews, 472 So.2d 1078 (Ala.Civ.App.1985). We have reviewed the record, and in fact, the evidence supports the trial court's findings that there were no material changes in circumstances to justify a modification of the child support. Ralls v. Ralls, 383 So.2d 857 (Ala.Civ.App.1980).
The mother’s request for damages pursuant to Rule 38, Alabama Rules of Appellate Procedure, is denied.
*667 This case is due to be affirmed.
APFIRMED
BRADLEY, P.J., and INGRAM, J., concur.