INGRAM, Judge.
The mother, Jackie Sue Carmack, and the father, Harold Dean Carmack, were divorced in January 1987. In the final decree of divorce the father was granted custody of the parties’ sixteen-year-old minor child. The father requested the mother to pay child support. The court denied the request. The father appeals.
The record reveals that the father and mother receive approximately the same income. Both are teachers at Gadsden State Junior College, each earning about $40,000 per year. The father contends that the trial court erred to reversal by not requiring the mother to pay child support.
This court has held that a mother can be compelled to support her minor child, even without a showing that the father lacks the ability to do so. Murphy v. Murphy, 440 So.2d 564 (Ala.Civ.App.1983). However, the trial court must determine support at the time of trial, based upon the particular facts of each case. Murphy, supra. Furthermore, the trial court has wide discretion in determining child support in divorce proceedings. Perry v. Perry, 460 So.2d 1324 (Ala.Civ.App.1984). This court will not substitute its judgment for that of the trial court concerning child support in divorce actions unless it concludes that the trial court’s actions are palpably wrong. Justice v. Justice, 460 So.2d 1330 (Ala.Civ.App.1984).
The record reveals that although the mother was not ordered to pay child support, the lower court did require her to take certain financial responsibilities for the child. She was ordered to pay one-half of the child’s medical expenses exceeding insurance and one-half of the child’s expenses for special training the child might receive before reaching majority. In addition to this, the mother testified that she would be willing to “give her things that she needs, buy her clothes, do whatever.”
In light of the above and after reviewing the evidence, we cannot say that the decision of the trial court was plainly and palpably wrong and thus cannot overturn the decision of the trial court. Phillips v. Phillips, 489 So.2d 592 (Ala.Civ.App.1986).
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J„ concur.