This is a case of modification of a prior divorce decree. The issue is whether the trial court erred in denying modification because of failure of proof of change of circumstances since the last decree. We find the trial court erred in applying the law to the facts.
The facts are established by an agreed record compiled under Rule 10, Alabama Rules of Appellate Procedure. The record as compiled indicates little if any dispute as to basic material facts.
The record indicates the following: The parties were divorced by judgment of May 22, 1980. There was an agreement as to custody of the two children, visitation, alimony and child support and other matters. The agreement was incorporated in the judgment.
The marriage of the parties had endured for thirteen years. The husband for some years preceding the divorce had been employed in public relations for the Alabama Credit Union League. In December 1979 the husband notified the League that he resigned his position effective in six months. He ceased his employment on May 1, 1980. It had been his intent to form a business of his own in the booking and planning of conventions. He expected investment by others in his corporation and to secure a Small Business Administration loan. The expected investors all reneged except one, who invested $2,500. SBA denied a loan for lack of operating capital.
Prior to his resignation from his employment, and the divorce, the husband had an income of $25,000. From May 1, 1980, until the hearing upon his petition in October 1980, he had earned in his new business only $2,000. On the 15th of October 1980, the husband filed his voluntary petition in bankruptcy, noting $14,000 indebtedness without security. At the time of hearing on October 28, 1980, the husband was current in his child support payments except for one bi-monthly payment of $362.50. He had maintained the sizeable payments ordered in the divorce with money returned to him by his former employer from accumulated retirement and profit-sharing funds.
After the husband's testimony, the trial judge expressed his opinion that the petition for modification was due to be denied because of the reversal by this court of a prior case with similar facts in which he *Page 942 
granted a petition to modify.[1] He therefore denied the relief requested by the husband. Husband appealed.
Appellee has premised her support of the judgment below upon the argument that at the time the husband made the agreement subsequently adopted by the court, he had already resigned his lucrative employment with the League and had no income with which to meet the terms of his agreement; he had only a new business which he optimistically expected to succeed. His optimism proved to be misplaced. At the time of the hearing he had no income. Thus, he was broke when he agreed to pay. He is broke now. There has been no change of circumstances. Therefore he should continue to be bound by an agreement with which he undisputedly has not the present ability to comply.
We do not consider that the cases cited by appellee support such a contention or principle of law. The argument of appellee points up the clear change in circumstances. That is, at the time of the judgment of May 22, 1980, the husband was beginning a new business which he had been planning for at least six months. He had promises of capital investment with which to qualify for an SBA loan. He obviously had great expectations. His wife apparently was equally expectant for she accepted his promises, assumed custody of the children and ended a thirteen-year marriage. Clear sailing appeared ahead. But the bubble burst!
The husband's business venture failed. The change from a time of optimism and expectation on May 22, 1980, to a time of complete failure and bankruptcy in October represents a material change in circumstances sufficient to invoke consideration of relief by the court. To continue in force a judgment requiring performance which the evidence clearly indicates is impossible to achieve is a useless thing. The law will not require the doing of a vain or useless thing. McNellov. John B. Kelly, Inc., 283 F.2d 96 (3rd Cir. 1960); MerchantsNational Bank of Mobile v. Morris, 273 Ala. 117, 136 So.2d 193
(1961).
We reverse the judgment denying relief without a full hearing upon the merits and remand for further hearing as necessary to determine the present financial ability of the husband to contribute to the needs of his family. Judgment should be entered thereafter as the evidence requires.
Attorney's fees as requested by the wife for her representation in this appeal are denied.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.
[1] We are not aware of nor cited to the case which the learned trial judge was referring to.