Don Gary Corsino ("the husband") and Sharon Melena Corsino ("the wife") divorced in August 2002. They entered into an agreement whereby the husband would pay $2,000 per month in child support for the parties' three minor children; pay the wife $1,500 per month in alimony for eight years; and pay private-school expenses and tuition for the minor children, which amount to $560 per month. The wife filed a contempt petition in November 2002, in which she alleged that the husband had failed to pay alimony and that he had exposed the children to inappropriate entertainment materials, specifically R-rated movies and recordings containing profanity and explicit lyrics by the rap musician Eminem. The husband responded to the contempt petition and counter petitioned, seeking a modification or termination of his alimony obligation and a recalculation of his child-support obligation. After a trial, the trial court denied the husband's modification petition, assessed against the husband an alimony arrearage in an amount the parties agreed to, and held the issue whether the husband should be held in contempt for exposing the children to inappropriate materials "in abeyance" pending appointment of a guardian ad litem for the children. The husband appealed.
After the husband appealed but before the record was completed and submitted to this court, the trial court entered an order purporting to dismiss the remaining contempt claim because the parties had successfully addressed that issue through negotiations with the guardian ad litem. However, because the case already had been appealed, the trial court lacked jurisdiction to enter the dismissal order. See Horton v.Horton, 822 So.2d 431, 434 (Ala.Civ.App. 2001). We remanded the case to the trial court for entry of a valid order of dismissal. The trial court reentered the dismissal of the contempt claim, thus rendering its judgment final.
On appeal, the husband argues that the trial court erred in failing to modify or terminate his alimony obligation. He says that his income is not sufficient to meet the obligations placed upon him by the parties' divorce agreement. He explained that, at the time he entered the *Page 1263 
agreement, he had expected to be opening a second restaurant in a rent-free location, to do some refurbishing of his existing restaurant and some advertising, and to sell the former marital residence for approximately $100,000 in profit. These events failed to materialize, he said, and he entered bankruptcy, lost the house, and did not open the second restaurant. He testified, however, that the income generated by his business had not changed appreciably since August 2002. The husband's income-tax return for 2001 showed his business income as $43,869; it showed his adjusted gross income for that year as $40,769, which would amount to approximately $3,397 per month.
 "An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court's previous judgment, and the burden is on the party seeking a modification to make this showing. Thus, the moving party must show a material change in the financial needs of the payee spouse and in the financial ability of the payor spouse to respond to those needs."
Glover v. Glover, 730 So.2d 218, 220 (Ala.Civ.App. 1998) (citation omitted). "This court has held that `[w]hen . . . the [judgment] fixing the amount of support is based on an agreement between the parties, the [judgment] should not be modified except for clear and sufficient reasons and after thorough consideration and investigation.'" Taylor v. Taylor, 640 So.2d 971, 973
(Ala.Civ.App. 1994) (quoting Tucker v. Tucker, 588 So.2d 495,497 (Ala.Civ.App. 1991)).
The trial court found, as the wife argued at trial and on appeal, that the husband's circumstances had not changed since the date of the divorce. Although certain events the husband had hoped would occur had not occurred, he was earning approximately the same amount of income that he had earned at the time of the divorce. As the trial court stated in its judgment:
 "[T]he Former Husband most likely made a very poor decision with regard to the settlement in this cause and obligated himself to pay more than his abilities would justify, based upon his personal predictions of continued and increasing success in business and potential equity to be realized from the sale of the former marital residence. A Petition to Modify, however, especially one filed within less than a year after the Final Decree of Divorce, is not a vehicle to correct mistakes or a poor deal, but must be based upon a change of circumstances."
Although, as the trial court noted in its judgment, the husband alluded to his filing for bankruptcy and a foreclosure on the former marital residence, no evidence of the impact of the bankruptcy was adduced. In addition, the husband mentioned that his business was down, based, in his opinion, on new competition in the area of his restaurant. However, the evidence, as confusing and uninformative as it was, indicated very little change in the husband's income.
The husband cites Menton v. Menton, 405 So.2d 940
(Ala.Civ.App. 1981), in support of his argument that the evidence of the circumstances he presented to the trial court were sufficient to support a modification of his alimony obligation.Menton does indeed support the husband's argument that modification may be warranted under the facts of this case. The husband in Menton, like the husband in the present case, made an agreement concerning support based upon an expectation that a new business he was about to start up would be profitable.Menton, 405 So.2d at 941. Like the situation facing the husband in the present case, the husband in Menton *Page 1264 
was perhaps overly optimistic about his new business venture and was unable to earn more than $2,000 over approximately a six-month period. Id. The wife in Menton made the same argument made by the wife in the present case — that the husband was broke when he made the agreement and that he was broke at the time he sought to modify his alimony obligation, so there was no change in circumstances. Id. at 942.
The Menton court summed up the wife's argument as indicating that the husband "should continue to be bound by an agreement with which he undisputedly has not the present ability to comply." Id. The court further stated that the caselaw did not support the wife's contention. Id. Finally, the court held that the husband had proven a change in circumstances, noting, among other things, that the husband's capital investors had pulled out, that a loan from the Small Business Administration had not been approved, that he had filed for bankruptcy, and that his bankruptcy petition revealed $14,000 in indebtedness without security. Id. at 941 942. Thus, the Menton court concluded that "[t]he change from a time of optimism and expectation on May 22, 1980, to a time of complete failure and bankruptcy in October represents a material change in circumstances sufficient to invoke consideration of relief by the court." Id. at 942.
Many cases, both before and after Menton, have held that a petition to modify may be granted upon the showing of a material change in circumstances. See, generally, Block v. Block,281 Ala. 214, 216, 201 So.2d 51, 53 (1967) ("Where a decree of divorce has adopted an agreement with respect to alimony and maintenance, the court will not modify such agreed decree except on proof of changed conditions which justify the modification. . . ."); Taylor v. Taylor, 369 So.2d 1240, 1241
(Ala.Civ.App. 1978) ("It is recognized in this state that a trial court may modify an award of alimony . . . in a divorce decree upon a showing of changed circumstances of one or both of the parties.");[1] Glover, 730 So.2d at 220. However, theMenton court dismissed the wife's argument founded on that principle of law, stating that "[t]o continue in force a judgment requiring performance which the evidence clearly indicates is impossible to achieve is a useless thing. The law will not require the doing of a vain or useless thing." Menton,405 So.2d at 942.
The present case is remarkably similar to Menton. The husband had hopes of increasing his business income and of realizing a sizeable profit from the sale of the former marital residence. After the divorce, however, the husband's business failed to expand and he filed for bankruptcy protection. He cannot afford to pay the child-support, private-school-tuition, and alimony obligations imposed upon him in the divorce judgment. To deny him a modification of his alimony obligation in this instance will serve only to cause him to continue to accrue an alimony arrearage and possibly to begin to accrue an arrearage in his child-support or private-school-tuition *Page 1265 
obligations. If the law will not require the doing of a vain or useless thing, then this court cannot affirm the trial court's judgment despite the fact that the husband's circumstances at the time he entered into the divorce agreement are substantially unchanged because his decision to enter the agreement at that time was based on his optimistic expectations of future business and personal success. Accordingly, we reverse the judgment of the trial court and remand this cause with instructions for the trial court to determine, based on the evidence presented at trial, an appropriate amount of alimony, if any, to be awarded to the wife.
REVERSED AND REMANDED.
THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, with writing.
YATES, P.J., dissents, with writing.
[1] The court in Menton commented that the trial court had alluded to a recent case with similar facts that had resulted in a reversal of a judgment modifying an alimony obligation.Menton, 405 So.2d at 941-42. Taylor v. Taylor, 369 So.2d 1240
(Ala.Civ.App. 1979), appears to be that case; Taylor was released by this court only two years before Menton, was an appeal from a judgment rendered by the same trial judge, and involved a husband who had apparently agreed to pay alimony despite knowing that his income was about to decrease. The court stated: "In short, the husband entered into the alimony and support agreement with the knowledge that the two sources of income had been or would be terminated." Taylor,369 So.2d at 1242.