Frankie Novak, an incapacitated person, by and through Sharon Vest, his guardian and conservator, appeals an order denying his claim for a divorce from his wife, Inez Novak. Because the order Frankie Novak appeals from is not a final judgment, we dismiss his appeal.
On September 5, 2003, Mr. Novak sued Mrs. Novak in the Mobile Circuit Court, seeking an annulment of their marriage. Mr. Novak alleged that he and Mrs. Novak were married in a ceremony in Jackson County, Mississippi, on January 4, 2001, and that he was entitled to an annulment of the marriage because he was of unsound mind at the time of their marriage ceremony. Answering Mr. Novak's complaint, Mrs. Novak denied that Mr. Novak was of unsound mind at the time of their marriage ceremony. Subsequently, Mrs. Novak moved the trial court to dismiss Mr. Novak's claim because, she alleged, his claim was governed by Mississippi law, which required that a claim seeking an annulment based upon insanity or idiocy be brought within six months after the marriage ceremony. Mr. Novak then filed an amendment to his complaint incorporating by reference his claim seeking an annulment and adding an alternative claim seeking a divorce on the ground of incompatibility. The trial court never ruled on Mrs. Novak's motion to dismiss Mr. Novak's claim seeking an annulment.
The case proceeded to trial. Following the trial, the trial court entered an order on February 23, 2006. That order interpreted the amendment of Mr. Novak's complaint as having replaced his claim seeking an annulment with his claim seeking a divorce and denied Mr. Novak's claim seeking a divorce. However, the amendment of Mr. Novak's complaint added his claim seeking a divorce without eliminating his claim seeking an annulment. Thus, the trial court's February 23, 2006, order denying Mr. Novak's claim seeking a divorce failed to rule on his claim seeking an annulment. Furthermore, the trial court did not certify its February 23, 2006, order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Mr. Novak has now appealed the trial court's February 23, 2006, order to this court.
 "Although neither party has raised the issue of this court's jurisdiction over this appeal, we note that `jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.' Nunn v. Baker, 518 So.2d 711, 712
(Ala. 1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871
(Ala.Civ.App. 1979)."
Hubbard v. Hubbard, 935 So.2d 1191, 1192
(Ala.Civ.App. 2006). *Page 654 
 "`A final judgment is one that completely adjudicates all matters in controversy between all the parties.
 "`. . . An order that does not dispose of all claims or determine the rights and liabilities of all parties to an action is not a final judgment. In such an instance, an appeal may be had "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." See Rule 54(b), Ala. R. Civ. P.'
 "Eubanks v. McCollum, 828 So.2d 935, 937
(Ala.Civ.App. 2002) (citations omitted)."
Adams v. NaphCare, Inc., 869 So.2d 1179, 1181
(Ala.Civ.App. 2003).
Because the order from which Mr. Novak appeals is not a final judgment, we dismiss his appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.