Ronald G. Flores ("the husband") appeals a judgment modifying his periodic-alimony obligation. Cheryl L. Flores ("the wife") requests an attorney's fee on appeal. For the reasons given below, we dismiss the appeal.
In January 2005, the trial court entered a divorce judgment incorporating the terms of the husband and the wife's settlement agreement. Pursuant to the divorce judgment, the trial court, among other things, awarded the wife periodic alimony in the amount of $323 per month for a period of 24 months; ordered the husband to pay the monthly mortgage indebtedness on the parties' marital residence until it is sold; awarded the wife primary physical custody of the parties' minor daughter subject to the visitation rights of the husband; and awarded the wife child support in the amount of $677 per month.
In April 2006, the wife petitioned the trial court seeking, among other things, an increase in the husband's periodic-alimony obligation. Answering, the husband counterclaimed for an award of an attorney's fee. The husband amended his counter-claim to seek, among other things, an award of primary physical custody of the parties' daughter, termination of his child-support obligation, and an award of child support. The trial court, among other things, ordered a separate trial for the husband's amended counterclaim.
The husband then sought pendente lite custody of the parties' daughter. On November 30, 2006, the trial court entered an order that, among other things, granted the husband pendente lite custody of the parties' daughter and suspended his child-support obligation. That same day, the trial court entered a separate judgment that, among other things, awarded the wife periodic alimony in the amount of $600 per *Page 793 
month conditioned on the husband's paying the mortgage indebtedness on the marital residence until that residence is sold. Additionally, that judgment stipulated that, after the marital residence is sold, the husband must pay the wife periodic alimony in the amount of $1,500 per month for a period of 36 months minus the number of months that he paid the mortgage indebtedness. That judgment disposed of all issues except the issues of custody and child support and denied all other relief requested; the trial court certified the judgment as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
The husband then moved the trial court to alter, amend, or vacate its judgment or, in the alternative, to grant a new trial. After the trial court denied that motion, the husband timely appealed.
On appeal, the husband argues that the trial court erred in modifying the award of periodic alimony because, he says, there was insufficient evidence to establish that the wife had a need for an increase and that the husband had the ability to pay.
Neither the husband nor the wife addresses the appropriateness of the trial court's certification of the judgment as final pursuant to Rule 54(b). That rule states, in pertinent part:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
Our supreme court has stated:
 `"Rule 54(b), [Ala.] R. Civ. P., provides a means of making final "an order which does not adjudicate the entire case but as to which there is no just reason for delay in the attachment of finality." Foster v. Greer Sons, Inc., 446 So.2d 605, 609
(Ala. 1984). "Rule 54(b) certifications should be granted only in exceptional cases and `should not be entered routinely or as a courtesy or accommodation to counsel.' Page v. Preisser, 585 F.2d 336, 339
(8th Cir. 1978)." Foster, 446 So.2d at 610.'"
Summerlin v. Summerlin, 962 So.2d 170, 173 (Ala. 2007) (quoting Branch v. South-Trust Bank of Dothan, N.A.,514 So.2d 1373, 1374 (Ala. 1987)). Furthermore, "`"[a]ppellate review in a piecemeal fashion is not favored, and trial courts should certify a judgment as final, pursuant to Rule 54(b),only in a case where the failure to do so might have aharsh effect."'" Point Clear Landing Ass'n v. PointClear Landing, Inc., 864 So.2d 369, 371
(Ala.Civ.App. 2003) (quoting Harper Sales Co. v. Brown, Stagner,Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App. 1999)). "Also, a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court `"are so closely inter-twined that separate adjudication would pose an unreasonable risk of inconsistent results."'" Schlarb v. Lee,955 So.2d 418, 419-20 (Ala. 2006) (quoting Clarke-Mobile Counties GasDist. v. Prior Energy Corp., 834 So.2d 88, 95
(Ala. 2002), quoting in turn Branch v. SouthTrust Bank ofDothan, N.A., 514 So.2d at 1374).
In the case now before us, the wife sought modification of the award of periodic alimony. At trial, the wife, as the party seeking the modification, had the burden of establishing that a material change in circumstances had occurred, that she had a need for an increase in periodic alimony, and that the husband had an ability to pay. *Page 794 See Ederer v. Ederer, 900 So.2d 427, 428
(Ala.Civ.App. 2004).
In considering a payor's ability to pay, a court considers evidence of the payor's expenses, which include his or her child-support obligation. See Corsino v. Corsino,904 So.2d 1261 (Ala.Civ.App. 2004) (reversing the judgment increasing a payee spouse's periodic-alimony award when, in considering that payor spouse's child-support, private-school-tuition, and alimony obligations, the payor spouse could not afford to pay an increase in periodic alimony). Thus, the determination of the husband's obligation to pay child support has bearing on whether he has an ability to afford to pay an increase in his periodic-alimony obligation. However, the trial court has yet to adjudicate the husband's petition for custody and, therefore, has yet to determine whether he has an obligation to pay child support. Because the wife's claim for a modification of periodic alimony is so intertwined with the husband's counterclaim seeking custody and the termination of his child-support obligation, a Rule 54(b) certification of the judgment modifying the wife's award of periodic alimony is inappropriate. Because the judgment in this case was not an appropriate judgment to be certified as final pursuant to Rule 54(b), we dismiss the appeal. We also deny the wife's request for an attorney's fee on appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.