BRYAN, Judge.
 

 Teresa Lynn Morrison (“the wife”) appeals a judgment divorcing her from Dan
 
 *1053
 
 ny Morrison (“the husband”). For the reasons given below, we dismiss the wife’s appeal.
 

 On May 27, 2004, the wife sued the husband for a divorce on the grounds of incompatibility of temperament and irretrievable breakdown of the marriage. She sought an equitable division of the parties’ marital assets and debt, an award of pen-dente lite and “permanent” alimony, and an award of an attorney’s fee. Answering, the husband counterclaimed seeking a divorce on the ground(s) of adultery and/or incompatibility. Additionally, he sought an equitable division of the marital assets, reimbursement for certain debts, and an award of “temporary and permanent support and maintenance.”
 

 The trial court held an ore tenus proceeding. On July 6, 2007, the trial court entered a judgment divorcing the parties on the ground of incompatibility and allocating the parties’ marital assets and debt. The wife purported to move to alter, amend, or vacate the trial court’s judgment, seeking an additional portion of the marital assets, an award of periodic alimony, and an award of a portion of the husband’s retirement benefits. The trial court subsequently denied the wife’s motion. The wife then appealed.
 

 On appeal, the wife argues that the trial court erred by failing to award her periodic alimony and by failing to reserve jurisdiction to award periodic alimony in the future. However, neither party questions the jurisdiction of this court.
 

 “ ‘Although neither party has raised the issue of this court’s jurisdiction over this appeal, we note that “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex meromotu.” Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.
 
 See Jim Walter Hornea, Inc. v. Holman,
 
 378 So.2d 869, 871 (Ala.Civ.App.1979).’ ”
 

 Novak v. Novak,
 
 963 So.2d 652, 653 (Ala.Civ.App.2007) (quoting
 
 Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App. 2006)). Furthermore,
 

 “[a] final judgment is one ‘that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990).
 
 See also McCollough v. Bell,
 
 611 So.2d 383, 385 (Ala.Civ.App.1992)(‘Any decision, order, or [judgment] of the trial court which puts an end to the proceedings between the parties to a cause in that court is final and may be reviewed on appeal.’). ‘A final judgment is one that
 
 completely adjudicates all matters in controversy
 
 between the parties.’
 
 Wilson v. Glasheen,
 
 801 So.2d 848, 849 (Ala.Civ.App.2001) (emphasis added). It is well settled that ‘ “[ajppellate review in a piecemeal fashion is not favored.” ’
 
 Harper Sales Co.
 
 v.
 
 Brown, Stagner, Richardson, Inc.,
 
 742 So.2d 190, 192 (Ala.Civ.App.1999) (quoting
 
 Brown v. Whitaker Contracting Corp.,
 
 681 So.2d 226, 229 (Ala.Civ.App.1996),
 
 overruled on other grounds, Schneider Nat’l Carriers, Inc. v. Tinney,
 
 776 So.2d 753 (Ala. 2000)). The only exception to the rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
 
 See generally Carlisle v. Carlisle,
 
 768 So.2d 976, 977 (Ala.Civ.App.2000).”
 

 Wilkerson v. Wilkerson,
 
 868 So.2d 1119, 1121 (Ala.Civ.App.2003).
 

 The trial court did not adjudicate the wife’s claim seeking an attorney’s fee. However, the failure to adjudicate that claim does not effect the finality of the judgment.
 
 See State Bd. of Educ. v. Wal-
 
 
 *1054
 

 drop,
 
 840 So.2d 893, 899 (Ala.2002) (“[A] decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication”). Nevertheless, the trial court did not dispose of the husband’s claim seeking “permanent support and maintenance.”
 

 Furthermore, the trial court did not certify the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Even if the trial court had certified the judgment as final, such a certification would have been inappropriate in view of this court’s disfavoring the adjudication of divorce cases in piecemeal fashion.
 
 See, e.g., Flores v. Flores,
 
 978 So.2d 791 (Ala.Civ.App.2007) (concluding that Rule 54(b) certification was inappropriate because a wife’s claim for a modification of periodic alimony was so intertwined with the husband’s counterclaim seeking, among other things, a termination of his child-support obligation); and
 
 Blythe v. Blythe,
 
 976 So.2d 1018, 1020 n. 3 (Ala.Civ.App.2007) (concluding that a judgment certified pursuant to Rule 54(b) would have been inappropriate when the judgment failed to actually divide the marital property and failed to adjudicate a party’s claim seeking alimony).
 

 Because the trial court failed to adjudicate the husband’s claim seeking “permanent support and maintenance,” we conclude that the judgment is nonfinal. Accordingly, we must dismiss the wife’s appeal.
 
 See Novak,
 
 supra.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
 

 PITTMAN, J., concurs in the result, without writing.