On Application for Rehearing in Case No. 2090265

BRYAN, Judge.
The opinion of September 17, 2010, is withdrawn, and the following is substituted therefor.
Scott Alan Anderson (“the husband”) appeals from a judgment of the Morgan Circuit Court that divorced him from Annette Lynn Anderson (“the wife”), and he petitions this court for a writ of mandamus directing the trial court to grant his request for a temporary restraining order, which sought to prevent the wife from changing the principal residence of the parties’ two minor children. We dismiss the husband’s appeal as being from a non-final judgment, and we grant the husband’s petition for writ of mandamus.

Procedural History

On April 9, 2009, the husband filed a complaint for a divorce alleging that he and the wife had married on October 2, 1999, and that two children had been born of the marriage: a boy, born in November 2001, and a girl, born in January 2005 (hereinafter referred to collectively as “the children”). The husband further alleged that he was entitled to a divorce on the *437 ground of physical cruelty, and he requested custody of the children, an award of child support, and division of the parties’ property and debts.
The wife filed an answer to the husband’s complaint and asserted that the breakdown of the marriage was due to the husband’s adultery. The wife also filed a counterclaim for a divorce and sought custody of the children, an award of child support, permission to move with the children to North Carolina, an equitable division of the parties’ property and debts, an award of periodic alimony, and an award of her attorney’s fees. The wife subsequently filed an amendment to her counterclaim for a divorce requesting an award of 50% of the husband’s retirement benefits and arguing, among other things, that Ala. Code 1975, § 30-2-51, was unconstitutional because it deprived the wife of equal protection of the law and due process afforded under the United States Constitution and the Constitution of the State of Alabama. The wife served the attorney general pursuant to Ala.Code 1975, § 6-6-227, and the attorney general filed an acceptance and waiver of his right to be heard.
In August 2009, the trial court conducted an ore tenus hearing on the parties’ pending complaints for a divorce and on the pending contempt petitions that had been filed by both parties. On September 29, 2009, the trial court issued an order finding Jessica Slocumb, the husband’s paramour, in contempt of court for her failure to appear at the parties’ divorce trial.[1]
On October 7, 2009, the trial court entered a judgment divorcing the parties. In its judgment, the trial court stated:
“The parties appeared in court, represented by their attorneys, and presented evidence and testimony in open court. After the presentation of the evidence, the Court held a show cause hearing due to the failure of a witness, Jessica Slo-eumb, to appear at trial in response to a subpoena served upon her by the [wife]. At said show cause hearing, Jessica Slo-cumb appeared with her attorney and presented testimony, including testimony that she was involved in a sexual relationship with the [husband] and was pregnant with his child, that she had experienced prior miscarriages of the [husband’s] child, that she used the [husband’s] last name, even though she was not married to him, and that she was wearing a ring given to her by the [husband] on her left ring finger. The testimony of Jessica Slocumb gave the Court no confidence in the credibility of the [husband’s] testimony presented at trial. Upon consideration of the same, the Court does hereby ORDER, ADJUDGE and DECREE as follows....”
The trial court divorced the parties on the ground of the husband’s adultery, awarded the parties joint legal custody of the children, awarded the wife sole physical custody of the children, and awarded the husband “standard” visitation with the children. The judgment also stated:
“The [wife]’s request to move the residence of the children more than 60 miles from the current marital residence is granted, and the [wife] shall be allowed to do so should she deem it appropriate *438 for her and the children. In said event, the [wife] shall provide the [husband] with the children’s new residence address and telephone number, and the name and address of the children’s schools. In said event, the [husband] shall have visitation with the children in accordance with the Court’s Standard Out of State Schedule, attached hereto. ...”
Among other things, the judgment ordered the husband to pay $2,500 a month in child support, $2,500 a month for 60 months in periodic alimony to the wife, and $12,424.06 to the wife for payment of her attorney’s fees. The judgment further divided the parties’ property and debts and awarded the wife one-half of the value of the husband’s retirement benefits.
The husband filed a motion to alter, amend, or vacate the judgment pursuant to Rule 59, Ala. R. Civ. P., and requested a hearing on his postjudgment motion. The husband argued that the trial court had wrongfully considered the testimony heard at Jessica Slocumb’s contempt hearing because the taking of evidence in the parties’ divorce trial had closed on August 12, 2009, the last day of the ore tenus hearing in the divorce action. The husband also challenged, among other things, the award of sole physical custody of the children to the wife; the permission granted to the wife to relocate the children more than 60 miles from the marital residence, alleging that it was contrary to provisions of the Alabama Parent-Child Relationship Protection Act, codified at Ala.Code 1975, § 30-3-160 et seq. (“the Act”); the award of child support; the award of periodic alimony; the division of marital property and debts; and the award of 50% of his retirement benefits to the wife, because the parties had not been married for 10 years.
The trial court issued an order that granted the husband’s postjudgment motion insofar as the husband argued that the trial court had wrongfully considered the testimony from Jessica Slocumb’s contempt hearing. The trial court set a hearing “to reopen the case for the presentation of additional testimony relating to the [husband]’s credibility, which is the only issue the Court considered at the show cause hearing previously held.” The trial court denied all other relief requested in the husband’s postjudgment motion. The husband subsequently filed an objection to holding an evidentiary hearing and argued that the trial court did not have jurisdiction to amend the divorce judgment because it had lost jurisdiction over the case in light of the fact that it had denied the husband’s requested postjudgment relief related to the divorce judgment. The husband argued that additional testimony regarding the husband’s credibility was rendered irrelevant by the trial court’s order. The husband timely filed his notice of appeal on December 16, 2009.
On February 16, 2010, the husband filed an emergency motion for a temporary restraining order in response to receiving notice by the wife, on January 28, 2010, that she intended to move with the children to Sturgeon Bay, Wisconsin, on February 27, 2010; the husband did not notify the wife when he filed the motion. On February 25, 2010, the trial court entered an order denying the husband’s motion for a temporary restraining order, citing the provision in the parties’ divorce judgment that permitted the wife to move more than 60 miles from the location of the marital residence. On April 9, 2010, the husband filed a petition for a writ of mandamus, arguing that this court should grant his petition and order the trial court to issue a temporary restraining order preventing the wife from changing the principal residence of the children to Sturgeon Bay. In *439 his petition for a writ of mandamus, the husband argues that the testimony presented by the wife at the parties’ divorce trial was related to a possible move to North Carolina, not Wisconsin, and he argues that the relocation provision in the divorce judgment is not in compliance with the Act. This court consolidated the husband’s appeal from the divorce judgment and his petition for a writ of mandamus ex mero motu.

Issues

In addition to the issues presented by the husband in his petition for a writ of mandamus, the husband presents several issues for review by this court resulting from the divorce judgment, namely: (1) that the trial court erred by failing to conduct a hearing on his postjudgment motion and by failing to grant relief to the husband in light of the trial court’s implicit concession that it had improperly considered evidence from Jessica Slocumb’s contempt hearing; (2) that the trial court erred by awarding the wife one-half of his retirement benefits in light of the fact that the parties’ had not been married for 10 years; (3) that the trial court erred in its custody determination; (4) that the trial court exceeded its discretion by allowing the wife to change the principal residence of the children; (5) that the trial court exceeded its discretion by ordering the husband to pay $2,500 a month in child support; (6) that the trial court exceeded its discretion in ordering the husband to pay the wife periodic alimony in the amount of $2,500 a month; (7) that the trial court erred in its division of property and debts; and (8) that the trial court exceeded its discretion in ordering the husband to pay the wife’s attorney’s fee.

Discussion

A. The Husband’s Appeal from the Divorce Judgment
The husband first argues that the trial court erred by considering testimony presented at Slocumb’s contempt hearing when making a final determination regarding the issues presented by the parties as part of their divorce proceedings. The husband argues that because the trial court agreed to reopen the case for presentation of additional testimony regarding his credibility, the trial court implicitly conceded that it had wrongfully considered the testimony presented at Slocumb’s contempt hearing. In response, the wife argues that, even if the trial court wrongfully considered the testimony presented at Slo-cumb’s contempt hearing, any error committed was harmless because the trial court denied the husband’s requested post-judgment relief despite agreeing to conduct a hearing on the husband’s credibility.
The statement made by the trial court in the divorce judgment, quoted above, leaves no doubt that the trial court considered the testimony presented at Slocumb’s contempt hearing, which the husband was apparently not present for (see supra note 1), when it made its final determination regarding the issues presented by the parties pursuant to their divorce proceedings. The record reveals that the trial court attempted to ameliorate the error alleged by the husband by reopening the case so that additional testimony regarding the husband’s credibility could be presented. The trial court was not able to conduct such a hearing because the husband filed a notice of appeal with this court based on his belief that a hearing on the husband’s credibility was moot because the trial court had denied the husband’s remaining post-judgment challenges to the divorce judgment.
However, the trial court’s order, which granted the husband’s motion to alter, amend, or vacate the judgment in part and ordered the case reopened for the *440 presentation of additional testimony, does not reflect an intent to finally adjudicate all the issues before the trial court. Cf. Rule 58(b), Ala. R. Civ. P. (“A written order or a judgment will be sufficient if it is signed or initialed by the judge ... and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication.”).
Pursuant to its November 26, 2009, post-judgment order, the trial court clearly ordered that the case be reopened for the presentation of additional testimony. If the trial court had expressly allowed the reopening of the case for presentation of additional testimony with an intent that it would not consider changing any aspect of the divorce judgment, we agree that the taking of additional testimony would have been a useless act. However, we will not presume that the trial court agreed to conduct a hearing that would have been a vain and useless act, because the law does not require the doing of a vain or useless thing. See, generally, Corsino v. Corsino, 904 So.2d 1261, 1265 (Ala.Civ.App.2004). Although the trial court purported to deny the husband’s Rule 59 motion on all other grounds, the only reasonable explanation for the trial court’s order granting an evi-dentiary hearing was so the trial court could reconsider all the issues presented in the divorce proceedings in light of any evidence regarding the husband’s credibility that might be produced at the evidentia-ry hearing. Thus, we must conclude that the trial court’s order allowing the presentation of additional testimony was an indication that the trial court did not consider the case to be finally adjudicated on the merits after the entry of its postjudgment order. Accordingly, because the husband’s appeal was not taken from a final judgment, we must dismiss the husband’s appeal for lack of subject-matter jurisdiction. See Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App.2010) (“Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal.”).
B. The Husband’s Petition for a Writ of Mandamus
In his petition for a writ of mandamus, the husband argues that the trial court erred by failing to grant his motion for temporary restraining order, which sought to prevent the wife from changing the principal residence of the children to Sturgeon Bay. See Rule 65(b), Ala. R. Civ. P. (setting forth the requirements for the issuance of a temporary restraining order when no notice is provided to the adverse party).[2] The husband argues that the trial court erred by relying on the provision in the parties’ divorce judgment that permitted the wife to change the principal residence of the children to any place more than 60 miles from the marital residence.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 *441 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 898, 894 (Ala.1998).
Because we have determined that the parties’ divorce judgment is not a final judgment, we will consider the provision in the parties’ divorce judgment that permits the wife to relocate with the children more than 60 miles from the location of the marital residence to be a temporary order permitting the change of principal residence of the children pursuant to § 30-3-169.2(b), Ala. Code 1975.[3]
In support of his motion for a temporary restraining order, the husband argued that the wife, at the August 2009 ore tenus hearing in the divorce action, had presented evidence regarding her intent to change the principal residence of the children only to North Carolina and that there had been no mention of a possible relocation to Sturgeon Bay. The materials presented with the husband’s petition for a writ of mandamus indicate that the trial court summarily denied the husband’s motion for a temporary restraining order based on the provision in the parties’ divorce judgment that permitted the wife to move more than 60 miles from the marital residence. The husband argues that that provision in the parties’ divorce judgment is too broad to comply with the strict mandates of the Act. We agree.
The Act requires the trial court, in cases such as this, to consider various factors before making an initial determination of custody in a divorce action when one parent has expressed an intent to change the principal residence of the parties’ children. See § 30-3-169.7, Ala.Code 1975 (which requires a trial court in a divorce proceeding to consider the factors set. forth in § 30-3-169.2 and § 30-3-169.3, Ala.Code 1975, when making a custody determination when one parent wishes to change the principal residence of the child). Pursuant to § 30-3-169.7, the trial court was required to consider the 17 factors set forth in § 30-3-169.3(a) before making a determination of custody, considering the wife’s intent to change the principal residence of the children; those factors include: the increase in travel time for the children and the nonrelocating parent; the feasibility of preserving the relationship between the children and the nonrelocating parent, considering the logistics and financial circumstances of the parties; whether a change of principal residence of the children will enhance the general quality of life for the children and the custodial parent, considering financial or emotional benefits and educational opportunities; whether there is a support system available in the area of the proposed principal residence of the children; the reason the relocating parent is seeking to change the principal resi *442 dence of the children; and any other factor that the trial court deems material to the determination. See § 30-3-169.3(a)(3), (5), (11), (12), (15), and (17), Ala.Code 1975. Thus, it would be impossible for a trial court to determine whether a change in principal residence of a child is proper unless the trial court was aware of the actual place of the proposed principal residence of the child.
Because the evidence initially presented by the wife concerned a proposed change of principal residence to North Carolina, the trial court could not have properly considered all the factors set forth in § 30-3-169.3(a) in determining whether a proposed change of principal residence of the children to Sturgeon Bay was proper. The relocation provision in the trial court’s divorce judgment allowed the wife to circumvent application of the Act; under the circumstances in this case, the wife was not required to present evidence related to a proposed change of principal residence of the children to Sturgeon Bay simply because she had presented evidence that may have supported a change in principal residence of the children to North Carolina.
Therefore, because the wife had not presented any evidence to support a change in principal residence of the children to Sturgeon Bay, we conclude that the trial court had no basis to allow the wife to change the principal residence of the children to Sturgeon Bay. Because the parties’ divorce judgment is not yet final, a proposed change of principal residence is still subject to the provisions of § 30-3-169.7. Therefore, before the trial court can permit a change in the principal residence of the children, it must first consider the factors set forth in § 30-3-169.2 and § 30-3-169.3, in light of the wife’s desire to relocate with the children to Sturgeon Bay. Finding no indication in the record that the trial court considered the Act in light of the wife’s desire to relocate to Sturgeon Bay, we conclude that the husband’s motion for a temporary restraining order should have been granted. Because the trial court refused to grant the husband’s motion for a temporary restraining order, we conclude that the husband’s petition for a writ of mandamus is due to be granted. Accordingly, we issue the writ and instruct the trial court to restrain the wife from changing the principal residence of the children until the trial court conducts an evidentiary hearing on the wife’s request to change the principal residence of the children to Sturgeon Bay.

Conclusion

We instruct the trial court to reopen the parties’ divorce case for presentation of additional testimony as originally ordered by the trial court before the husband filed a notice of appeal to this court.[4] The wife’s request for an attorney’s fee on appeal is denied. We further instruct the trial court to conduct a hearing on the *443 wife’s request to change the principal residence of the children to Sturgeon Bay and to enter an order consistent with this opinion.
2090265 — APPLICATION FOR REHEARING OVERRULED; OPINION OF SEPTEMBER 17, 2010, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
2090645 — ON APPLICATION FOR REHEARING IN CASE NO. 2090265: OPINION OF SEPTEMBER 17, 2010, WITHDRAWN; OPINION SUBSTITUTED. PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. In its September 29, 2009, order, the trial court stated that Slocumb, Slocumb’s attorney, and the wife’s attorney were present at the contempt hearing and that testimony was taken before the determination of contempt was made. There was no indication in the trial court’s order that either the husband or the husband’s attorney was present for Slo-cumb’s contempt hearing.

. The husband, in a verified pleading and in an affidavit, sets forth facts indicating that immediate and irreparable harm would have resulted if a temporary restraining order was not issued before the wife could be heard on his motion. The husband's attorney also certified that he had not made any attempt to give notice to the wife because of the potential for irreparable injury if the temporary restraining order was not immediately issued. The potential harm caused by the relocation of the children, without proper evidentiary support, was a sufficient showing of immediate and irreparable harm to the husband.

. Section 30-3-169.2(b) provides:
"The court may grant a temporary order permitting the change of principal residence of a child and providing for a revised schedule for temporary visitation with a child pending a final hearing if the court finds that the required notice of a proposed change of principal residence of a child as provided in this article was provided in a timely manner, contained sufficient and accurate information, and if the court finds from an examination of the evidence presented at a hearing for temporary relief that there is a likelihood that on final hearing the court will approve the change of the principal residence of the child.”
We note that § 30-3-169.2(c), Ala.Code 1975, provides that a trial court "may not give weight to the temporary change of principal residence as a factor in reaching its final decision” regarding whether to allow a change of principal residence.

. In issuing a judgment of divorce, the trial court should not consider any evidence from any proceeding before the court except the evidence presented in this case, case no. DR-08-270. In his application for rehearing, the husband argues that our decision fails to address the denial of his due-process rights that he argues occurred when the trial court considered testimony taken at Slocumb's contempt hearing, which the husband describes as an ex parte communication. Our decision does not address that issue because the husband’s appeal was not taken from a final judgment and this court has no jurisdiction to consider that issue. Our decision places the parties and the trial court in the position they would have been in had the husband not filed a premature notice of appeal. Any challenge the husband may have to these proceedings from that point forward, including a due-process challenge or a motion requesting that the trial-court judge recuse himself, must be addressed by the trial court before this court may consider those issues on appeal.