MOORE, Judge.
In appeal no. 2120047, Jeremy T. Tanner (“the husband”) appeals from the denial of his motion to “set aside” a judgment of divorce, entered by the Mobile Circuit Court (“the trial court”), divorcing him from Erica D. Tanner (“the wife”). In appeal no. 2120303, the husband appeals from a judgment entered by the trial court denying his objection to the wife’s relocation with the parties’ children.[1] In appeal no. 2120047, we dismiss the appeal. In appeal no. 2120303, we affirm.

Background

On May 21, 2012, the wife, who was represented by legal counsel, filed a complaint seeking a divorce from the husband; that action was assigned ease no. DR-12-500871. On that same date, the husband, who was acting pro se, filed an answer and waiver, agreeing that the cause could be submitted to the trial court, without testimony, for a final judgment. Although the husband was unrepresented by legal counsel, he acknowledged in his answer and waiver that he was aware that he could have obtained a lawyer had he wished to do so; the husband’s pleading was notarized. The parties also submitted to the trial court a notarized “Settlement Agreement” in which they specified that they would share legal custody of their two minor children, that the wife would serve as the primary physical custodian, and that the husband would have specified visitation rights. The parties also specified how they wished to divide their marital proper *17 ty and the amount of child support to be paid by the husband for the benefit of their minor children. The parties filed with the trial court the necessary Rule 32, Ala. R. Jud. Admin., child-support forms.
Although the trial court signed the parties’ divorce judgment on June 26, 2012, that judgment was not entered into the State Judicial Information System (“SJIS”) until July 9, 2012. By that date, the wife had filed, on June 29, 2012, a request for a protection-from-abuse (“PFA”) order in the Mobile Juvenile Court, after reporting that the husband had assaulted her in the marital home.[2]
Additionally, on July 3, 2012, the husband, now represented by counsel, filed a motion seeking to “set aside” the parties’ settlement agreement and the divorce judgment. The husband asserted that he had signed the divorce documents without the benefit of legal counsel, that the wife had fraudulently induced him into signing those documents, and that his agreement to those documents should be rescinded for various reasons. The husband also asserted that the wife had relocated or intended to relocate with the parties’ minor children to the state of Georgia; the husband requested that the trial court order her to return the children to Alabama. The husband filed an amended motion on July 10, 2013, again seeking to set aside the divorce judgment and objecting to the wife’s relocation.
The trial court scheduled the husband’s motion for a hearing and ordered that the children were not to be removed from the trial court’s jurisdiction pending that hearing. The trial court also appointed a guardian ad litem to represent the children’s best interests.
On July 22, 2012, the husband again filed, pursuant to the “Alabama Parent-Child Relationship Protection Act,” Ala. Code 1975, § 30-3-160 et seq., an objection to the wife’s proposed relocation; that objection was assigned case no. DR-12-500871.01. The husband asserted that, on July 11, 2012, he had received written notice from the wife indicating that she intended to relocate with the children to Georgia on July 27, 2012. The husband further asserted that the wife’s notice failed to comply with the 45-day notice provision of Ala.Code 1975, § 30-3-165(a), that the wife had no proper basis for failing to provide less than the statutorily mandated 45 days’ notice, and that it was not in the children’s best interests to relocate to Georgia. The husband also requested that the trial court issue a preliminary injunction, restraining the wife from relocating the minor children to Georgia or, alternatively, to award him custody of the children. The trial court scheduled the husband’s motions for an August 2, 2012, “office conference.”
On August 1, 2012, the husband filed a motion asserting that the wife had, in fact, relocated the children to Georgia despite the trial court’s previous order. The husband sought an order compelling the children’s immediate return to Alabama and an award of pendente lite custody. Despite the fact that it previously had scheduled the husband’s objection to the wife’s relocation for an August 2, 2012, “office conference,” the trial court scheduled the above-described motions for an August 22, 2012, “office conference.”
On August 2, 2012, the trial court entered an order indicating that, after hearing arguments of counsel, the husband’s motion to set aside the divorce judgment *18 was denied. The trial court also ordered that the parties’ children were to remain in Mobile with the husband for his “belated summer visitation period and [that the children] shall start school in Mobile County.” The trial court scheduled the remaining matters for a hearing on August 20, 2012.
On August 7, 2012, the husband filed, pursuant to Rule 59, Ala. R. Civ. P., a motion to alter, amend, or vacate the trial court’s August 2, 2012, denial of his motion to set aside the divorce judgment. On August 20, 2012, after the parties and their legal counsel appeared for the scheduled hearing, the trial court entered an order resetting the hearing for August 29, 2012, “due to the pending criminal charges.”
On August 30, 2012, the trial court entered an order indicating that the husband’s motions had been the subject of sworn testimony at an August 29, 2012, hearing.[3] The trial court indicated that it was denying the husband’s motion to alter, amend, or vacate the divorce judgment, that the wife was allowed to relocate with the children to Georgia, and that the husband’s visitation with the children was modified as set forth in that order. On October 10, 2012, the husband filed a notice of appeal from the trial court’s August 30, 2012, judgment. That notice of appeal was docketed as appeal no. 2120047.
On September 7, 2012, the husband filed a “Motion to Correct August 30, 2012, Order.” He asserted that the trial court had incorrectly indicated in its August 30, 2012, order that sworn testimony had been taken at the August 29, 2012, hearing. On September 12, 2012, the trial court granted that motion. A September 27, 2012, entry in SJIS reflects the following: “Memo to Atty: Need Order to Match Motion/Corr.”
An October 30, 2012, entry in SJIS reflects that legal counsel for both parties were sent a notice; the contents of that notice are not indicated in the record. On December 11, 2012, the trial court entered an order purporting to set aside the August 30, 2012, judgment based upon a clerical error.
Also on December 11, 2012, the trial court entered a judgment in case no. DR-12-500871.01. That December 11, 2012, judgment was identical to the trial court’s August 30, 2012, judgment that had been entered in case no. DR-12-500871.
On January 9, 2013, the husband filed another notice of appeal. This court docketed that appeal as appeal no. 2120303. On January 10, 2013, the husband filed with the trial court a motion to correct the December 11, 2012, judgment. On February 7, 2013, the trial court entered an order clarifying its December 11, 2012, judgment. In that order, the trial court granted the husband’s motion to correct the December 11, 2012, judgment and stated:
“1. The Court does note for the record that on August 29, 2012, the parties did appear in court with counsel and the guardian ad litem and the parties were sworn in but did not testify. The information which the court relied upon in making the decision to not set aside the agreement came only from the arguments of counsel with respect to what they would expect the evidence to be.
“2. The Court does attach hereto a copy of the transcript ... regarding what was said at the hearing. The Court does note further that the August 30, 2012, order was set aside by the clerk due to it being filed in the wrong *19 point number. The order of December 11, 2012, simply changes the case point number and files the order in the correct case point number.
“3. This order does make it clear that the court based its ruling strictly on the argument presented in the record (which is attached hereto), along with other arguments made in chambers.”
On appeal, the husband asserts that the trial court erred in failing to set aside the judgment of divorce; erred in failing to conduct an evidentiary hearing on his motion to set aside the judgment of divorce; erred in failing to conduct a hearing on his motion to alter, amend, or vacate the judgment of divorce; and erred in denying his objection to the wife’s and the children’s relocation without the benefit of an eviden-tiary hearing.
We first address the husband’s challenge to the trial court’s denial of his motion to set aside the judgment of divorce and the denial of his motion to alter, amend, or vacate that judgment. The husband filed his motion to set aside the divorce judgment before entry of that judgment into SJIS, i.e., before the divorce judgment became final. Upon entry of that judgment into SJIS, however, the judgment became a final one. Additionally, the husband immediately thereafter filed an amended motion seeking to set aside the divorce judgment.
The trial court considered the husband’s motion as a postjudgment motion, and the record indicates that the husband did not object to the trial court’s treatment of his motion to set aside the divorce judgment as a postjudgment motion. See, e.g., McIntyre v. Satch Realty, Inc., 961 So.2d 135 (Ala.Civ.App.2006) (defendant’s motion to set aside nonfinal judgment was directed to the final judgment rather than the nonfinal judgment once the final judgment was entered). Thus, although the husband’s motion to set aside the divorce judgment was filed when the divorce judgment was nonfinal, that motion was properly considered by the trial court as a postjudgment motion addressed to the trial court’s final divorce judgment.
The trial court initially denied the husband’s motion to set aside the divorce judgment on August 2, 2012. Because the trial court had ruled on his motion to set aside, or vacate, the divorce judgment, the husband had 42 days in which to seek appellate review. See Rule 4, Ala. R.App. P. Thus, the husband had until September 13, 2012, to appeal from the trial court’s denial of his motion to set aside the divorce judgment.
Rather than filing a notice of appeal, the husband filed another post-judgment motion, seeking to alter, amend, or vacate the trial court’s denial of the motion to vacate the divorce judgment. A party is not entitled to file successive post-judgment motions. See Wallace v. Belleview Props. Corp., 120 So.3d 485, 489 n. 3 (Ala.2012) (recognizing that a trial court may not entertain successive postjudgment motions and that the filing of such successive motions does not suspend the time for filing a notice of appeal). Thus, the husband’s motion seeking to alter, amend, or vacate the trial court’s denial of his motion to set aside the divorce judgment was a nullity.
Additionally, because the husband did not file his notice of appeal within 42 days of the trial court’s denial of his motion to set aside the divorce judgment, his appeal is untimely. “The filing of a timely notice of appeal is a jurisdictional act.” Painter v. McWane Cast Iron Pipe Co., 987 So.2d 522, 529 (Ala.2007). “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), *20 Ala. R.App. P. See also Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 895 (Ala.2008) (“[W]e are obligated to dismiss an appeal if, for any reason, [subject-matter] jurisdiction does not exist.”). Therefore, the trial court’s judgment of divorce is final, and we have no jurisdiction to review the merits of that judgment.
The husband, however, filed two notices of appeal from the trial court’s ruling on his objection to the wife’s notice of intent to relocate with the parties’ minor children. The husband filed a notice of appeal from the trial court’s August 30, 2012, judgment, entered in case no. DR-12-500871, and a notice of appeal from the trial court’s December 11, 2012, judgment, entered in case no. DR-12-500871.01. Both were timely filed from their respective judgments. Based on the procedural posture of the actions below, we elect to treat the husband’s objection to the wife’s proposed relocation with the children as the subject of case no. DR-12-500871.01 and appeal no. 2120303. In that appeal, the husband’s sole issue is that the trial court erred by failing to conduct an evi-dentiary hearing before overruling his objection.
We agree with the husband that an evi-dentiary hearing is generally required to resolve an objection to a custodial parent’s intent to relocate with the children. Alabama Code 1975, § 30-3-169.7, provides as follows:
“If the issue of change of principal residence of a child is presented in a petition for divorce or dissolution of a marriage or other petition to determine custody of or visitation with a child, the court shall consider, among other evidence, the factors set forth in Sections 30-3-169.2 and 30-3-169.3[, Ala.Code 1975,] in making its initial determination.”
Additionally, in Anderson v. Anderson, 65 So.3d, 435 (Ala.Civ.App.2010), this court recognized that a trial court is required to conduct an evidentiary hearing in order to determine whether a proposed or actual change of principal residence of a minor child is a ground for a change in the custody of that child. Id. at 441-42.
We conclude, however, that the husband invited the error of which he now complains. Although both parties were present, sworn in, and prepared to testify at the hearing on the husband’s objection, neither party was called to testify. Counsel for both parties stipulated to what they expected the evidence would show if the parties took the witness stand. At no point did the husband’s counsel attempt to call him to testify or object on the basis that the husband had not been allowed to testify. Thus, the husband failed to offer any sworn testimony at the hearing, and, on appeal, he raises that failure as reversible error.
A party “ ‘ “cannot by his own voluntary conduct invite error and then seek to profit thereby.” ’ ” Slaton v. State, 680 So.2d 879, 892 (Ala.Crim.App.1995) (quoting Collins v. State, 385 So.2d 993, 1002 (Ala.Crim.App.1979), rev’d on other grounds, 385 So.2d 1005 (Ala.1980)); and Phillips v. State, 527 So.2d 154 (Ala.1988). As a result, we cannot reverse the trial court’s judgment on this basis. Additionally, the husband has not challenged any other aspect of that judgment. We, therefore, find no reversible error in the trial court’s judgment allowing the wife to relocate with the children.
2120047 — APPEAL DISMISSED.
2120303 — AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. This court has consolidated the appeals ex mero motu.

. On August 3, 2012, the wife’s PFA action was transferred to the trial court and consolidated with the divorce action.

. The parties were sworn in at that hearing, but they did not testify; the parties’ lawyers, however, stipulated to some of the evidence that would have been presented had the parties taken the witness stand.