MOORE, Judge.
Catherine Mida Crum (“the mother”) petitions this court for a writ of mandamus to the Lee Circuit Court (“the trial court”) requiring it to set aside its order requiring her to return the parties’ children to their primary residence in Alabama and awarding custody of minor children to David Dudley Crum (“the father”) in the event that she is incapable of returning or unable to return, with the children to Alabama. We deny the petition.
On August 18, 2011, the trial court entered a judgment divorcing the parties, *1213 awarding the parties joint legal custody of the children, awarding primary physical custody of the children to the mother, and ordering that the mother could not relocate to Wisconsin with the children. The judgment included the statutory language from Ala.Code 1975, § 30-3-166,[1] a part of the Alabama Parent-Child Relationship Protection Act (“the Act”), Ala.Code 1975, § 30-3-160 et seq., that is required to be included in every judgment containing a child-custody determination.
On August 24, 2012, the mother sent the father a letter giving him “formal notice as required by [the Act] of [her] intent to ask the Court for permission to relocate [her] principal residence and the residence of our children to Wisconsin.” She acknowledged that she had to have permission from the trial court to move with the children, and she stated that she did not know more specific information regarding the move at that time. On August 27, 2012, the mother also filed a petition for modification of the divorce judgment, stating, in pertinent part:
“As required by [the Act], the [mother] is giving the [father] notice of her *1214 intent to ask the Court for a modification of the prior Order which prohibits her relocation to Wisconsin, and she can show upon a final hearing that the best interests of the minor children will be served by allowing her to relocate her primary residence with the children to Wisconsin.”
On November 15, 2012, the mother filed a motion to dismiss her petition for modification, stating, in pertinent part: “The [mother] no longer requires this action and hereby rescinds her Petition for Modification.” The trial court granted the motion to dismiss on November 16, 2012.
On August 13, 2013, the mother sent the father a letter purporting to supplement her previous notice with more specific information concerning her relocation to Wisconsin, which, she stated, would take place on the date of the letter. On August 20, 2013, the father filed a motion seeking the return of the children from Wisconsin, a modification of custody, and a finding of contempt against the mother. After a hearing, the trial court entered an order on September 25, 2013, stating that the mother had not complied with the Act and ordering her to return the children to Alabama; the order also awarded custody of minor children to the father in the event the mother was incapable of returning, or unable to return, with the children to Alabama. On October 15, 2013, the mother filed her petition for a writ of mandamus with this court.
In her petition, the mother argues that, because the father failed to object to her August 2012 notice of relocation, she was automatically permitted to move to Wisconsin pursuant to Ala.Code 1975, § 30-3-169, which provides:
“The person entitled to determine the principal residence of a child may change the principal residence of a child after providing notice as provided herein unless a person entitled to notice files a proceeding seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of such notice.”
However, the mother overlooks the terms of Ala.Code 1975, § 30-3-162(a), which provides, in pertinent part, that the Act “does not apply to alter or amend the terms of [a child-custody] order or agreement which addresses the rights of the parties or the child with regard to a change in the primary residence of a child.” Because the 2012 divorce judgment specifically provided that the mother could not relocate with the children to Wisconsin,[2] the notice and objection provisions of the Act did not apply.[3]
*1215 In order to regain her right to relocate with the children to Wisconsin, the mother would have had to obtain a judgment modifying the 2012 judgment. See Baird v. Hubbart, 98 So.3d 1158, 1163 (Ala.Civ.App.2012) (“The Act implicates and governs issues of custody, visitation, and the residence of children whose parents have divorced. Such issues are always subject to modification upon a proper petition.”; “a party seeking to modify a judgment denying a request to change the principal residence of a child pursuant to the Act must demonstrate a material change in circumstances since the entry of the most recent judgment on that issue”). The mother, apparently aware of her burden, actually filed a petition to modify the divorce judgment, asserting that a material change in circumstances had occurred and seeking permission of the court to relocate with the children to Wisconsin. However, the mother later voluntarily dismissed that petition. Therefore, the provision in the 2012 judgment prohibiting the mother from relocating the children to Wisconsin remained in effect. The mother violated that judgment by relocating with the children to Wisconsin. Thus, the trial court did not err in requiring the mother to return the children to Alabama.
A writ of mandamus can be issued to correct legal errors committed by lower courts in applying the Act, which errors cannot be adequately remedied on appeal. See Anderson v. Anderson, 65 So.3d 435 (Ala.Civ.App.2010). In this case, we deny the mother’s petition for a writ of mandamus because the mother has failed to show that the trial court erred by declining to apply the Act and by enforcing the 2012 judgment.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Section 30-3-166 provides:
"After September 1, 2003, every child custody determination shall include the following language:
“ ‘Alabama law requires each party in this action who has either custody of or the right of visitation with a child to notify other parties who have custody of or the right of visitation with the child of any change in his or her address or telephone number, or both, and of any change or proposed change of principal residence and telephone number or numbers of a child. This is a continuing duty and remains in effect as to each child subject to the custody or visitation provisions of this decree until such child reaches the age of majority or becomes emancipated and for so long as you are entitled to custody of or visitation with a child covered by this order. If there is to be a change of principal residence by you or by a child subject to the custody or visitation provisions of this order, you must provide the following information to each other person who has custody or visitation rights under this decree as follows:
" '(1) The intended new residence, including the specific street address, if known.
“ ‘(2) The mailing address, if not the same as the street address.
“ ‘(3) The telephone number or numbers at such residence, if known.
“ ‘(4) If applicable, the name, address, and telephone number of the school to be attended by the child, if known.
“ ‘(5) The date of the intended change of principal residence of a child.
" ‘(6) A statement of the specific reasons for the proposed change of principal residence of a child, if applicable.
“ ‘(7) A proposal for a revised schedule of custody of or visitation with a child, if any.
“ '(8) Unless you are a member of the Armed Forces of the United States of America and are being transferred or relocated pursuant to a non-voluntary order of the government, a warning to the non-relocating person that an objection to the relocation must be made within 30 days of receipt of the notice or the relocation will be permitted.
“ ‘You must give notice by certified mail of the proposed change of principal residence on or before the 45th day before a proposed change of principal residence. If you do not know and cannot reasonably become aware of such information in sufficient time to provide a 45-day notice, you must give such notice by certified mail not later than the 10th day after the date that you obtain such information.
“ ‘Your failure to notify other parties entitled to notice of your intent to change the principal residence of a child may be taken into account in a modification of the custody of or visitation with the child.
“ ‘If you, as the non-relocating party, do not commence an action seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of notice of the intent to change the principal residence of the child, the change of principal residence is authorized.’ ”

. Although the trial court stated in its September 25, 2013, order that it had not intended for the restriction on the mother’s relocating the children to Wisconsin to be permanent, it did not state in the divorce judgment that the restriction was temporary. "[I]f the terms of a judgment are not ambiguous, they should be given their usual and ordinary meaning.” Moore v. Graham, 590 So.2d 293, 295 (Ala.Civ.App.1991). The plain language of the divorce judgment indicates that the mother was prohibited from relocating the children to Wisconsin, without a time limitation. Therefore, any statements of the trial court's intent otherwise will not be considered. See Jardine v. Jardine, 918 So.2d 127, 131 (Ala.Civ.App.2005) ("The trial court’s authority is not, however, 'so broad as to allow substantive modification of an otherwise effective and unambiguous final order.' ” (quoting George v. Sims, 888 So.2d 1224, 1227 (Ala.2004))).

. We do not find the 2012 judgment to be ambiguous by explicitly preventing the mother from relocating with the children to Wisconsin but also including the statutory language from § 30-3-166. The 2012 judgment unequivocally provided that the mother could not relocate with the children to Wisconsin. The trial court later included the statutory language to comply with § 30-3-166, which requires such language in every judgment *1215 containing a child-custody determination. The trial court did not, however, indicate that its earlier unequivocal denial of permission to relocate to Wisconsin could be overcome by compliance with the Act.